116   397
e143  641

[Sac. No. 209.   Department One. —April 3, 1897.]

## THE PEOPLE, ETC., RESPONDENT, v. THE TRUCKEE LUMBER COMPANY, APPELLANT.

FISH—OWNERSHIP OF STATE—TITLE TO LANDS IMMATERIAL.—The fish within the waters of the state constitute the most important constituent of that species of property commonly designated as wild game, the general right and ownership of which is in the people of the state; and to the extent that waters are the common passageway for fish, whether such waters flow over lands, the title to which is in the government of the state or of the United States, or over lands entirely subject to private ownership, they are deemed for such purposes public waters, and subject to all laws of the state regulating the right of fishery.

ID.—EXTENT OF STATE'S DOMINION—NON-NAVIGABLE WATERS—RESORT AND PASSAGE OF FISH.—The dominion of the state for the purpose of protecting its sovereign rights in the fish within its waters, is not confined to navigable waters, but extends to non-navigable streams, wherein fish are habited or accustomed to resort for spawning or other purposes, and through which they have freedom of passage to and from the public fishing grounds of the state.

ID.—JUDICIAL NOTICE—NON-NAVIGABLE STREAM CONNECTING NAVIGABLE LAKES—TRUCKEE RIVER—PASSAGEWAY OF FISH.—The court will take judicial notice that the Truckee river, though a non-navigable stream, has its source in Lake Tahoe, a large, navigable body of water lying partly in this state, and that it empties into Pyramid Lake, in the state of Nevada, which is also navigable; and that the river has from time im-

memorial afforded a natural and free passageway for the passage of fish habiting those lakes.

ID.—INJURY TO FISH—POLLUTION OF TRUCKEE RIVER—REFUSE FROM SAW-MILL—PUBLIC NUISANCE—INJUNCTION—ACTION BY STATE.—The pollution of the Truckee river by refuse matter which is poisonous and deleterious to the fish therein, and which is deposited from a sawmill operated on its bank, to the injury and destruction of the fish in the stream, is a public nuisance, which may be enjoined in an action brought by the attorney general in the name of the state.

ID.—REMEDY—PUNISHMENT BY PENAL CODE NOT EXCLUSIVE.—The fact that the acts complained of are made a misdemeanor, and punishable as such, does not make them less a nuisance, nor imply that the legislature intended to make the criminal remedy exclusive of the civil.

ID.—RELATOR—INFORMATION BY ATTORNEY GENERAL.—The attorney general is privileged to maintain an action to enjoin a public nuisance on his own information, without the intervention of a private relator.

APPEAL from an order of the Superior Court of Nevada County refusing to vacate an injunction. JOHN CALDWELL, Judge.

The facts are stated in the opinion of the court.

*Thomas S. Ford,* and *C. F. McGlashan,* for Appellant.

*Attorney General W. F. Fitzgerald,* and *Deputy Attorney General Henry E. Carter,* for Respondent.

VAN FLEET, J.—Appeal from an order refusing to vacate an injunction.

The action is in the name of the people, on the information of the attorney general, to restrain the commission of an alleged nuisance, the complaint alleging in substance that defendant, a corporation, maintains and operates a sawmill and box factory on the bank of the Truckee river, at the town of Truckee, in this state, in which it cuts and manufactures lumber and boxes; that said river is a fresh-water stream, having its source in the state of California and flowing into the state of Nevada, and is now, and for a long time prior hereto has been, stocked with fish; that defendant in operating its mill and factory has heretofore, and does now, place and allow to pass into the waters of said river large quantities of refuse matter, consisting of sawdust, shavings,

slabs, edgings, waste, and other deleterious substances, the effect of which has been and is to pollute said stream and the waters thereof, and render the same unfit for use, and which substances are poisonous and deleterious to the fish in said stream, and are killing, destroying and exterminating them; all of which is alleged to be in violation of the rights of the people, and a public nuisance; that defendant threatens, and unless restrained will continue, to commit said wrongful acts to plaintiff's irreparable injury.

A preliminary injunction was granted *ex parte* on the filing of the complaint, which defendant subsequently moved to vacate. The motion was made upon the complaint alone, based upon the objection that the facts alleged made no case for relief. The motion being denied, this appeal ensued.

The sole question is whether the complaint states a cause of action, and this is to be determined precisely as if the pleading were subjected to a general demurrer.

The first point made against the complaint is that the facts alleged do not constitute a public nuisance within the definition of our code. But this objection would seem to overlook the most material feature of the complaint. It is alleged that the acts of defendant have the effect of polluting and poisoning the waters of the river, and thereby killing and destroying the fish therein. Anything which is " an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or any considerable number of persons," is a public nuisance. (Pen. Code, sec. 370; Civ. Code, secs. 3479, 3480.) The fish within our waters constitute the most important constituent of that species of property commonly designated as wild game, the general right and ownership of which is in the people of the state (*Ex parte Maier*, 103 Cal. 476, 483; 42 Am. St. Rep. 129), as in England it was in the king; and the right and power to protect and preserve such property for the common use and benefit is one of

the recognized prerogatives of the sovereign, coming to us from the common law, and preserved and expressly provided for by the statutes of this and every other state of the Union. The complaint shows that by the repeated and continuing acts of defendant this public property right is being and will continue to be greatly interfered with and impaired; and that such acts constitute a nuisance, both under our statute and at common law, is not open to serious question. (*People* v. *Elk River* etc. *Co.*, 107 Cal. 219; 48 Am. St. Rep. 121.)

But defendant urges that the facts do not show the infringement of any public right, in that the right, if any, shown to be interfered with is solely that of fishery, or the privilege to take fish; that this is a public right only so far as it pertains to navigable waters, while as to all other waters it is exclusively in the riparian proprietor; that, as the Truckee river is not a navigable stream, the destruction of the fish therein is not an injury to the public for which the people can complain, there being no allegation that the riparian proprietors thereon have been injured.

In the first place, the common right to take fish extends not alone to navigable waters, but exists as to all waters, the lands underlying which are not in private ownership—in other words, to all lakes, ponds, or streams, navigable or otherwise, upon the public lands of this state or the United States not protected by reservation; and since there is no averment that the lands along the Truckee river are held in private proprietorship, we think the presumption must be that the title remains in the government.

But, in the next place, if this is not the presumption, the case would not be different. The dominion of the state for the purposes of protecting its sovereign rights in the fish within its waters, and their preservation for the common enjoyment of its citizens, is not confined within the narrow limits suggested by defendant's argument. It is not restricted to their protection only

when found within what may in strictness be held
to be navigable or otherwise public waters.   It extends
to all waters within the state, public or private, wherein
these animals are habited or accustomed to resort for
spawning or other purposes, and through which they
have freedom of passage to and from the public fishing
grounds of the state.   To the extent that waters are the
common passageway for fish, although flowing over
lands entirely subject to private ownership, they are
deemed for such purposes public waters, and subject to
all laws of the state regulating the right of fishery.
(*Cottrill* v. *Myrick*, 12 Me. 222; *State* v. *Franklin Falls
Co.*, 49 N. H. 240; 6 Am. Rep. 513; *State* v. *Roberts*, 59
N. H. 256; 47 Am. Rep. 199; 59 N. H. 484.)

For the purposes of the right involved in this action,
then, the Truckee river, so far as it flows within this
state, is a part of the waters to which the jurisdiction
of the state in the protection of its fish supply extends.
This court will take judicial cognizance of the fact that
the river has its source in Lake Tahoe, a large naviga-
ble body of water lying partly in this state, and that it
flows thence into the state of Nevada, and empties into
Pyramid Lake, also navigable; and the court may also
take notice of a fact so common and notorious that be-
tween these two bodies of water the river affords, and
has from time immemorial, a natural and free highway
for the passage of the fish inhabiting these lakes.   Even,
therefore, if, as contended by defendant, the lands
through which the stream flows are to be presumed,
in the absence of contrary averment, to be owned in
private proprietorship, it can make no difference as to
the right here asserted.   While the right of fishery
upon his own land is exclusively in the riparian pro-
prietor, this does not imply or carry the right to de-
stroy what he does not take.   He does not own the fish
in the stream.   His right of property attaches only to
those he reduces to actual possession, and he cannot
lawfully kill or obstruct the free passage of those not
taken.   "This right in the owner of the land must be

regarded as qualified to a certain extent by the universal principle that all property is held subject to those general regulations which are necessary to the common good and general welfare, and to that extent it is subject to legislative control. It is a well-established principle that every person shall so use and enjoy his own property, however absolute and unqualified his title, that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property, nor injurious to the rights of the public. Hence, while the riparian owner has the exclusive right of fishery upon his own land, he must so exercise that right as not to injure others in the enjoyment of a similar right upon their lands upon the stream above and below." (*State* v. *Roberts, supra.*)

The mere fact, then, that the interference or obstruction complained of may in fact be in a stream where the right of fishery is exclusively in private riparian owners, does not make the acts here complained of any less an invasion of the public right, nor prevent the state from protecting its general interest in the property.

The fact that acts of the character alleged are by the Penal Code made a misdemeanor, and punishable as such, does not make them less a nuisance, nor imply that the legislature intended to make the criminal remedy exclusive of the civil.

Nor is there anything in the objection that the attorney general is not privileged to maintain the action upon his own information, without the intervention of a private relator. (*People* v. *Davidson,* 30 Cal. 388; *People* v. *Stratton,* 25 Cal. 242; *People* v. *Gold Run etc. Co.,* 66 Cal. 138; 56 Am. Rep. 80.)

The other objections made do not call for particular notice.

Order affirmed.

HARRISON, J., and BEATTY, C. J., concurred.