## BAYSIDE FISH FLOUR CO. v. GENTRY et al.

### No. 3721.

District Court, N. D. California, S. D. Aug. 31, 1934.

68

Roy Daily, of San Francisco, Cal., for plaintiff.

U. S. Webb, Atty. Gen., for defendants.

Before WILBUR, Circuit Judge, and ST. SURE and KERRIGAN, District Judges.

ST. SURE, District Judge.

Plaintiff is a corporation engaged in the business of manufacturing, under a patented process, fish flour from sardines caught on the high seas beyond the three-mile limit of the state of California. Its plant is located at Point San Pablo, this state. Suit is brought by plaintiff against members of the fish and game commission, its executive officer, and the Attorney General, all officers of the state, to enjoin the execution of certain provisions of Act 2870, establishing a Fish and Game Code (St. 1933, p. 394; Deering's Gen. Laws Supplement 1933, p. 1418), revising and consolidating the law of California relating to fish and game and other wild life, and containing, among other things, commercial fishing regulations. Under the provisions of the Code, a license was issued to the plaintiff by the state "to can, cure, preserve or pack fish which are taken in the waters of this state, or fish brought into this state in a fresh condition, or to manufacture fish-scrap, fish-meal, fish-oil, chicken-feed or fertilizer from fish or fish offal, or to deal in mollusks or crustaceans by wholesale."

The sections of the Code involved read as follows:

"§ 1064. *Waste.* It is unlawful to cause or permit any deterioration or waste of any fish taken in the waters of this State, or brought into this State, or to take, receive or agree to receive more fish than can be used without deterioration, waste or spoilage. Except as allowed by this code, it is unlawful to use any fish, or part thereof, except fish offal, in a reduction plant or by a reduction process.

"§ 1065. *Sardines.* Sardines may be taken for use in a reduction plant, or by a packer, only in accordance with the provisions of this article, as follows: In districts 4, 4-3/4, 18, 19, 20, 20A, and 21 between November 1 and March 31; elsewhere in the State between August 1 and February 15. This section does not prohibit the taking of sardines for the purpose of salting, curing, smoking or drying or for the purpose of packing in cans commonly known as quarter-pound or square cans less than 10 ounces in net weight; provided, that in a ten-ounce can, fish of a size of not less than eight fish to the can may be used, and there shall be added to the commonly known quarter-pound can not less than one ounce of olive oil or a commercial salad oil, and a proportionately larger amount of such oil to the larger sizes of cans.

"§ 1076. *Nuisance.* Any reduction plant in which any fish or any part thereof is used in violation of the provisions of this article, or in violation of any rule, regulation or order of the commission, is a nuisance. Whenever the existence of such nuisance is shown to the satisfaction of the superior court of the county in which the reduction plant is situated, by complaint filed in the name of the people of the State of California, the court may issue a temporary injunction to abate and prevent the continuance or recurrence of such nuisance. If the existence of a nuisance is established in an action, as provided herein, an order of abatement shall be entered as part of the judgment in the case, which order shall direct the closing, for twelve months, of the building or place where such nuisance was maintained, and, during such time, said building or place shall be and remain in the custody of the court."

Plaintiff alleges in its bill "that the construction placed by the Fish and Game Commission upon sections 1064, 1065, and 1076 violates the Fourteenth Amendment to the Constitution of the United States, * * * in that the People of the State of California will not permit this plaintiff to manufacture a product for human consumption by a reduction process either with or without a permit"; that said sections prohibit plaintiff from taking and using sardines unless it operates a canning or packing plant within the state, but permit other residents, to wit, packers or "canners of one-pound oval cans," to use unlimited quantities of sardines taken from the waters of the state or from the ocean beyond the three-mile limit; that plaintiff may only take and use sardines in unlimited quantities provided it put them in tin cans, and plaintiff is forbidden to put sardines, after process, in flour sacks; that plaintiff has been threatened with arrest, its contracts with fishermen frustrated, its reduction plant

closed, and, as a consequence, plaintiff has suffered great and irreparable injury.

It is contended that the statutes above mentioned violate the commerce clause (article 1, § 8, cl. 3) and the Fourteenth Amendment to the Constitution of the United States, and also those certain provisions of the state Constitution relative to deprivation of property without just compensation, special privileges and immunities, and uniformity of laws.

The arguments of plaintiff, namely, that the statutes interfere with and place a burden upon interstate commerce; that the execution of the statute deprives plaintiff of property without due process of law; that those taking and using fish, as does plaintiff, acquire the right to private ownership and the protection of the commerce clause; that the statute has no relation to the conservation of the natural resources of the state, nor was it passed by the Legislature in the proper exercise of the police power; were all presented, considered, and decided adversely to plaintiff's contentions by this Court in Van Camp Sea Food Co. v. Department of Natural Resources, 30 F.(2d) 111, and cases cited therein; see, also, Paladini v. Superior Court, 178 Cal. 369, 173 P. 588; People v. Stafford Packing Co., 193 Cal. 719, 227 P. 485; People v. Monterey Fish Products Co., 195 Cal. 548, 234 P. 398, 38 A. L. R. 1186; Ex parte Bailey, 155 Cal. 472, 101 P. 441, 31 L. R. A. (N. S.) 534, 132 Am. St. Rep. 95; Ex parte Kenneke, 136 Cal. 527, 69 P. 261, 89 Am. St. Rep. 177; Ex parte Maier, 103 Cal. 476, 37 P. 402, 42 Am. St. Rep. 129; Suttori v. Peckham, 48 Cal. App. 88, 191 P. 960; In re Phoedovius, 177 Cal. 238, 170 P. 412; People v. Truckee Lumber Co., 116 Cal. 397, 48 P. 374, 39 L. R. A. 581, 58 Am. St. Rep. 183.

When a legislative enactment is attacked upon the ground that it is arbitrary, unreasonable, and discriminatory, and constitutes special legislation, violating the prohibition of both the state and Federal Constitutions, all presumptions and intendments are in favor of the reasonableness and fairness of the legislation, and the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary. People v. Monterey Fish Products Co., supra.

Section 1060 of the Code defines "reduction plant" and "packer" as follows:

"(a) 'Reduction plant' means any plant used in the reduction of fish into fish flour, fish meal, fish scrap, fertilizer, fish oil or other fishery products or by-products.

"(b) 'Packer' means any person canning fish or preserving fish by the common methods of drying, salting, pickling or smoking."

Plaintiff alleges in its bill that it is in the exclusive business of purchasing fresh or raw sardines and manufacturing therefrom an edible product known as fish flour. Under the definition (a) above quoted, plaintiff is in the business of reducing fish, is operating a reduction plant. It would therefore appear that the statute in question is not discriminatory, for, as suggested by the Attorney General, there is a natural intrinsic distinction between the business of reducing fish and the business of packing fish as defined in the Fish and Game Code.

The motion to dismiss the bill of complaint will be granted.