[Civ. No. 5540. Third Appellate District.—December 27, 1935.]

J. F. KATENKAMP et al., Appellants, v. UNION REALTY COMPANY (a Corporation), Respondent.

Robertson, Crawford & Nichols for Appellants.

Heaney, Price, Postel & Parma for Respondent.

THOMPSON, J.—The plaintiffs have appealed from a judgment which was rendered against them for failure to amend their complaint within the time allowed therefor after a demurrer had been sustained on the ground that it fails to state facts sufficient to constitute a cause of action.

This suit was filed February 15, 1933, for separate damages alleged to have been sustained by the several plaintiffs who joined in this cause of action under the provisions of section 378 of the Code of Civil Procedure. It is alleged the plaintiffs are the owners of separate contiguous tracts of land bordering on Miramar Bay, an inlet of the Pacific Ocean, at Santa Barbara, with appurtenant sandy beaches connected therewith 100 feet in width above the water line and extending into the bay a further distance of 500 feet beyond the ordinary high water mark; that the beaches were improved by the construction of bath houses and otherwise and constituted valuable assets to their respective properties; that the defendant owns a tract of land littoral to the same bay adjoining the properties of the plaintiffs on the westerly side thereof, the shore line of which was barren, rocky and devoid of sand or beach; that about June 1, 1929, "solely for the purpose of securing the accretion of sand to its shore and upon its property and thereby to create a sandy beach and shore to the front of and upon its said property defendant . . . built upon the easterly line of its said property a certain structure known as a groin or wall", across the width of plaintiffs' beach and "into said water a distance of approximately 75 feet", which structure was intended to and did result in destroying and diverting the entire beach from plaintiffs' property leaving that space barren, rocky and devoid of sand, by changing the natural flow of the tides, currents and waves of the bay in that vicinity, and by depositing the sand along the margin of defendant's adjoining land so as to create a sandy beach thereon, to the great damage of plaintiffs' properties in the respective amounts specified. To this complaint the defendant demurred on the grounds that it fails to state facts sufficient to constitute a cause of action,

that the state of California is a necessary party defendant for the reason that the state by statute and by law has the sole control over the construction, operation and maintenance of all groins, and structures on or over tidewater lands owned by the state, and that the complaint is uncertain, ambiguous and unintelligible regarding the time when the alleged damages occurred. The demurrer was sustained and the plaintiffs were allowed ten days in which to amend. They failed to amend their pleading and judgment was accordingly rendered against them. From that judgment the plaintiffs have appealed.

The demurrer was sustained without specifying any particular ground therefor. Since the appellants declined to amend their pleading the general order of the court sustaining the demurrer is sufficient and on appeal places the burden on them to show that the complaint was not defective in any of the particulars specified in the demurrer. (*Gutterman* v. *Gally*, 131 Cal. App. 647, 650 [21 Pac. (2d) 1000].)

We are of the opinion the complaint is not subject to demurrer on the ground that it fails to specify the exact date upon which the alleged damages accrued. It is recited that the groin was constructed "about the 1st day of June, 1929", and that the structure resulted in diverting the natural flow of the tides, currents and waves of the bay in that vicinity so as to take and destroy the beaches adjacent to plaintiffs' land and transfer the sand therefrom to the border of defendant's land. Common knowledge teaches one that the process of transferring sand from a beach to the border of land on the opposite side of a structure maintained under the circumstances alleged in the complaint would necessarily be gradual. The court will, therefore, take judicial notice of that fact. The maintaining of a groin under such circumstances will be in the nature of a continuing nuisance. The acts complained of result in an alleged taking and damaging of an easement in real property as distinguished from a trespass thereon, and a suit for the compensation of which may be commenced within five years thereafter. It is said in the case of *Martin* v. *Western States Gas & Electric Co.*, 8 Cal. App. (2d) 226 [47 Pac. (2d) 522], in which a hearing was denied by the Supreme Court regarding the right to sue for damages for the taking of water from a river upon which the plaintiffs' land was riparian, that the appropriation amounts to a

"taking and damaging of real property as distinguished from a mere trespass on an interest in land", and that an action for damages therefor is not barred prior to the expiration of five years thereafter which time is necessary to elapse before title may be claimed by adverse possession. Moreover, the defense of the statute of limitations was not pleaded in the present action.

■ The state of California is not a necessary party defendant in this action. It is alleged the defendant placed the structure along the marginal portion of his land adjacent to plaintiffs' property, and thence on into Miramar Bay a further distance of 75 feet, and maintained it in that position to the detriment of plaintiffs' beach property. It does not appear that the officers of the state of California knew of the existence of this groin. This suit is a mere action against the defendant for damages for the wrongful taking of plaintiffs' beach property. It does not seek to abate an alleged nuisance or remove the structure. For mere damages resulting from the alleged wrongful acts of the defendant, the state of California is not a necessary party. We assume the demurrer was not sustained on that ground.

■ In support of the judgment in this case the respondent relies on the doctrine which recognizes the right of defense against the inroads of the sea as a common enemy without liability for damages incurred as a result thereof. (*Rex* v. *Paghan Comm. etc.*, 8 B. & C. 360.) That principle has been applied in California with reference to the necessary control of flood waters. (*Le Brun* v. *Richards*, 210 Cal. 308 [291 Pac. 825, 72 A. L. R. 336]; *Lamb* v. *Reclamation District No. 108*, 73 Cal. 125 [14 Pac. 625, 2 Am. St. Rep. 775].) The doctrine is clearly expressed in 1 Wood on Nuisances, third edition, page 675, section 494, as follows:

"Every proprietor of land exposed to the inroads of the sea may erect on his own land groins, or other reasonable defenses, for the protection of his land from the inroads of the sea, although, by so doing, he may cause the sea to flow with greater violence against the land of his neighbor, and render it necessary for the latter to protect himself by the erection of similar sea defenses. 'Each landowner has a right to protect himself, but not to be protected by others, against the common enemy.' But a man has no right to do more than is necessary

for his defense, and to make improvements at the expense of his neighbor.''

The "common enemy" doctrine, however, affords no relief to the respondent in this case for the reason that the complaint specifically alleges that it built the groin complained of "solely for the purpose of securing the accretion of sand to its shore", and not for defense against the inroads of the sea. In other words, it is alleged that the structure was erected by the respondent to improve his property by acquiring a sandy beach on the border thereof at the expense of the appellants and not in defense of the common enemy of the sea. The authorities in support of the "common enemy" doctrine are uniform in declaring that an owner of property may not construct or maintain structures which are detrimental to his neighbor's property, merely for the purpose of improving his own property. The application of the principle relied on by the respondent in this case is confined strictly to a necessary defense against the destruction or serious damage to one's property by the unusual forces of flood water or the inroads of the sea. One may not deliberately construct a wall or groin on his own property for the purpose of the asportation of the beach of his neighbor's property for the improvement of his own land and justify the act in the guise of the doctrine of combatting the common enemy of the sea. It is an axiom of law that one must use his own property in a manner which does not unnecessarily damage the property of others, or diminish their equal right to the full enjoyment thereof. (Sec. 3514, Civ. Code; 20 Cal. Jur., p. 267, sec. 6; 1 C. J., p. 1206, sec. 9; 1 Tiffany on Real Property (2d edition), p. 1117, sec. 335; *People* v. *Truckee Lumber Co.*, 116 Cal. 397 [48 Pac. 374, 58 Am. St. Rep. 183, 39 L. R. A. 581].) The owner of land adjacent to the sea may not unnecessarily adopt measures for the protection of his own land which will result in the destruction of his neighbor's land. (24 Cal. Jur., p. 599, sec. 7; *Turner* v. *Tuolumne County Water Co.*, 25 Cal. 397.) In affirming a judgment for damages resulting from the flooding of plaintiffs' land by a storm of unusual severity on account of a ditch which the defendant maintained on its own land for the avowed purpose of protecting its property from flood water, the court said in the Turner case last cited:

"While the defendant had an undoubted right to ward off from its own property the damaging effects of the storm, yet in exercising that right it was bound to take care not to injure that of the plaintiffs'. The defendant had no right to adopt measures for the protection of its own property which would lead to the destruction of the plaintiffs'."

The reports are replete with authorities supporting the doctrine last announced. It is but the declaration of a rule of common justice. The question as to whether the owner of littoral land bordering on tidewater necessarily constructs a groin for the sole purpose of protecting his land from the inroads of the sea and not for the mere improvement of his property is primarily an issue of fact to be determined on trial from the circumstances of each particular case. The complaint in the present case clearly alleges that the respondent erected and maintains the groin in question to improve its own property by acquiring a sandy beach on its waterfront. If the structure was built for necessary protection against the inroads of the sea, that is a matter of defense which must be pleaded and proved by the respondent.

We are of the opinion the complaint states a good cause of action for damages to the lands of the plaintiffs.

The judgment is reversed and the trial court is directed to overrule the demurrer and permit the defendant to answer the complaint.

Plummer, J., and Pullen, P. J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1936.