Filed 8/16/23  Rodriguez v. Bakersfield Police Dept. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ELIAS RODRIGUEZ, Plaintiff and Appellant, v. BAKERSFIELD POLICE DEPARTMENT et. al., Defendants and Respondents. | F085304 (Super. Ct. No. BCV-22-100396) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Bernard C. Barmann, Jr., Judge.

Elias Rodriguez, pro. per., for Plaintiff and Appellant.

Marderosian & Cohen, Michael G. Marderosian and Heather S. Cohen for Defendants and Respondents.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Poochigian, J. and Smith, J.

Appellant and plaintiff Elias Rodriguez (Rodriguez), acting in propria persona, appeals from an order of the Kern County Superior Court dismissing his lawsuit against respondents and defendants Bakersfield Police Department (police department) and the City of Bakersfield (city) (collectively, defendants) in its entirety. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Events Reflected in the Superior Court's Register of Actions[1]

The superior court's register of actions provides the following information:

On February 17, 2022, Rodriguez filed a complaint against police department and city. On March 30, 2022, Rodriguez filed a first amended complaint.

On July 5, 2022, defendants filed a demurrer and motion to strike directed at Rodriguez's first amended complaint. On August 17, 2022, Rodriguez filed his opposition to the demurrer and motion to strike.

On August 22, 2022, the superior court sustained defendants' demurrer with leave to amend and granted defendants' motion to strike Rodriguez's claim for punitive damages and any damage claim prior to August 2, 2021. The court gave Rodriguez 20 days from the notice of entry of the court's ruling to file an amended complaint. A notice of entry of the order sustaining defendants' demurrer was filed with the court on August 25, 2022.

Rodriguez never filed a second amended complaint.

On September 29, 2022, defendants filed a notice of motion to dismiss the entire action with prejudice. Due to an error in the paperwork, the motion was refiled on

---

[1] Because the record on appeal is sparse, our discussion of the procedural background is largely derived from the register of actions included in the clerk's transcript.

2.

October 26, 2022.  On November 16, 2022, Rodriguez filed his opposition to defendants' motion to dismiss.

Notably, the record on appeal does not include Rodriguez's original or first amended complaint, any of the paperwork associated with the aforementioned motions, or the superior court's order sustaining defendants' demurrer.

## II.     The Court's Order on Defendants' Motion to Dismiss

Defendants' motion to dismiss was heard on November 23, 2022.  Rodriguez appeared at the hearing on his own behalf and defense counsel appeared on behalf of defendants.  The court ruled in favor of defendants and directed defense counsel to prepare a proposed order.

On December 14, 2022, the superior court issued its "ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ENTIRE ACTION, WITH PREJUDICE, AND VACATING CASE MANAGEMENT CONFERENCE" (hereafter subject order).  It reads, in relevant part, as follows:

> "The Motion to Dismiss, having been read and considered and on proof made to the satisfaction of the Court, is hereby GRANTED.  The above-captioned matter is hereby dismissed in its entirety, with prejudice."

## III.    Rodriguez's Appeal

### A.     *Rodriguez's Notice of Appeal and This Court's Motion to Dismiss the Appeal*

On November 28, 2022, Rodriguez filed a notice of appeal in connection with the matter.  On December 2, 2022, this court issued an order stating it was "considering, on its own motion, dismissing the appeal on the ground that an appealable judgment or order has not been filed in the superior court."  Ultimately, we learned the subject order had been entered subsequent to the filing of the notice of appeal.  As a result, we deemed Rodriguez's appeal to have been taken from the subject order.  In our order, we directed Rodriguez "to list December 14, 2022, as the 'Date of Filing' when completing item

3.

4.a.(3), 'Judgment or order appealed from[]' on Judicial Council form APP-003 (Rev. Jan. 1, 2019), 'Appellant's Notice Designating Record on Appeal.' " We also informed Rodriguez of the existence of the California Appellate Courts Self-Help Resource Center and of its website address.[2] The order read, in part:

> "*Online Resource Center for Self-Represented Litigants*. The California Appellate Courts Self-Help Resource Center is a Web site[] that provides information about the civil appeal process, including a timeline of the 12 steps of that process.[] The information is available in both English and Spanish. As a self-represented litigant, appellant should use the resource center for information on how to designate the record that will be reviewed by this court (Step 3), preparing his opening brief (Step 5)— which must comply with the requirements of California Rules of Court,[3] rule 8.204—and completing the other steps of the appeal process."

## B.     The Record on Appeal

On February 1, 2023, Rodriguez filed his "APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL (UNLIMITED CIVIL CASE)" (hereinafter sometimes designation of the record) in which he chose to proceed with a clerk's transcript under, rule 8.122, and a settled statement under, rule 8.137 in lieu of a reporter's transcript.[4]

On March 7, 2023, the superior court notified Rodriguez by mail that he had failed to file a proposed settled statement and that "Failure to take action within 15 days from the mailing of this notice may result in a dismissal of the appeal." On March 29, 2023, we received a clerk's affidavit from the Clerk of the Superior Court of Kern County stating, in relevant part: "Appellant having failed to file a Proposed Settled Statement,

---

**2**     I.e., https://selfhelp.appellate.courts.ca.gov/

**3**     All further references to rules are to the California Rules of Court.

**4**     "A settled statement is a summary of the superior court proceedings approved by the superior court." (Rule 8.137(a).)

4.

the record on appeal will consist only of the Clerk's Transcript on appeal, as designated per Appellant's Designation of Record on Appeal, filed on 02/01/2023."

As for documents to be included in the clerk's transcript, Rodriguez's designation of the record only listed the notice of appeal, the designation of record, and the subject order.

The form used to designate a record on appeal is Judicial Council form APP-003 (rev. Jan. 1, 2019), titled "Appellant's Notice Designating Record on Appeal." It advises an appellant that, in addition to documents required for a record on appeal, he or she may list additional documents to include in the record. It states: "*If you want any documents from the superior court proceeding in addition to the items listed in 4a. above* [i.e., required documents] *to be included in the clerk's transcript, you must identify those documents here*." Rodriguez did not list any additional documents to include in the clerk's transcript.

As a result, the record on appeal consists of only 26 pages and includes only the following documents: (1) Rodriguez's notice of appeal; (2) the register of actions; (3) the subject order; (4) Rodriguez's designation of the record; and (5) the certification of record on appeal signed on behalf of the Clerk of the Superior Court of Kern County.

## DISCUSSION

### I. The Subject Order Is Appealable

"[A]n 'order dismissing a complaint with prejudice constitutes an appealable judgment….'" (*McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 278, citing Code Civ. Proc., §§ 581d, 904.1.) Consequently, the subject order is an appealable order.

### II. An Appellant Bears the Burden of Demonstrating Prejudicial Error

" 'When a plaintiff elects not to amend a complaint after a demurrer has been sustained with leave to amend, if the complaint is objectionable on any ground raised by the demurrer, the judgment of dismissal must be affirmed.' " (*Schick v. Lerner* (1987)

5.

193 Cal.App.3d 1321, 1327.) To succeed on appeal, therefore, Rodriguez must "show that the complaint was not defective in any of the particulars specified in the demurrer." (*Katenkamp v. Union Realty Co.* (1935) 11 Cal.App.2d 63, 66.)

"[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "[I]t is the appellant's [i.e., Rodriguez's] burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)

## III. Rodriguez's Arguments on Appeal and Defendants' Response

Rodriguez's opening brief, containing a total of 695 words, is as cryptic as it is sparse. In his brief, Rodriguez states that laws sometimes change when they are discovered to be unjust but sometimes "[o]ppressive practices remain" because of a "failure to enforce the law" or "due to [a] wrong interpretation of the law." Perhaps the clearest expression of his claims on appeal are in the following excerpt from his brief:

> "Issuing licenses or permits that enable criminal activity is a crime. There is no statute meant to protect such an absurd practice. California Government Code [sections] 818.2, and 821.2 are meant to protect the government from incidental mishaps, not intentional … criminal offenses. California Government Code [section] 818.4 does protect a government unit from a bad employee's intentional offense, but not when it's in groups and not when it's continuously occurring."

Rodriguez argues city "has issued business licenses that are not adhered to by the businesses using them" and that police department is refusing to uphold the law. Although the instant case is civil, he argues police department "has broken the following laws: Criminal facilitation, Selective enforcement, Obstruction of Justice, Gender Inequality, Aiding and Abetting, and Fraud" and that city "has issued a criminal license" resulting in businesses "commit[ting] the following violations: Obscenity Violations,

Disturbing the Peace, Public Health Violations, Lewd Conduct, Hate Crimes, Aggravation of Gender Inequality" and many more.

Quoting the preamble to the United States Constitution, Rodriguez goes on to argue city and police department "are not ensuring domestic tranquility, nor are they promoting general welfare in this matter. … To interpret the California Government Codes as a police department and a city to have absolute immunity for its crimes, no matter if it's intentional, no matter if it's perpetual, no matter if it's in groups, would be violating the United States Constitution."

In response, defendants argue Rodriguez's "record and opening brief completely fail to provide this Court with any meaningful information about what exactly this Appeal is about." They further argue Rodriguez's opening brief "is essentially incomprehensible, particularly to this Court that was not privy to the proceedings in the Trial Court." We agree with both of defendants' statements.

From the parties' appellate briefing, we are able to glean that Rodriguez's complaint was intended to challenge certain immunity statutes.[5] However, Rodriguez's arguments are mere conclusions, completely divorced from any discussion of the facts, if

---

[5]     As previously noted, Rodriguez cites to the following code sections in his opening brief: Government Code section 818.2 ["A public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law."]; Government Code section 818.4 ["A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."]; and Government Code section 821.2 ["A public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of, or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."].

any, alleged in his first amended complaint, and unsupported by cogent argument or authority.

## IV. Rodriguez Failed to Meet His Burden of Demonstrating Prejudicial Error

Section 430.10 of the Code of Civil Procedure allows a defendant to object to a complaint by demurrer on any of the following eight specified grounds:  (1) the court lacks subject matter jurisdiction; (2) the plaintiff lacks legal capacity to sue; (3) the same cause of action is pending in another action; (4) "[t]here is a defect or misjoinder of parties"; (5) the complaint "does not state facts sufficient to constitute a cause of action"; (6) the complaint is uncertain (e.g., ambiguous and unintelligible); (7) in contract actions, where the complaint does not indicate "whether the contract is written, is oral, or is implied by conduct"; and (8) "[n]o certificate was filed as required by [Code of Civil Procedure] Section 411.35."  (Code Civ. Proc., § 430.10, subds. (a)–(h).)

Code of Civil Procedure section 430.30, subdivision (a) provides:  "When any ground for objection to a complaint … appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading."

"The standard of review on appeal from a judgment dismissing an action after the sustaining of a demurrer without leave to amend is well established.  'The function of a demurrer is to test the sufficiency of the [pleading] as a matter of law, and it raises only a question of law.  [Citations.]  On a question of law, we apply a de novo standard of review on appeal.' "  (*First Aid Services of San Diego, Inc. v. California Employment Development Dept.* (2005) 133 Cal.App.4th 1470, 1476.)

Thus, in a typical case involving a general demurrer our task on appeal would be to "perform an independent review of a ruling on a demurrer and decide de novo whether the challenged pleading states facts sufficient to constitute a cause of action."  (*Nguyen v. Western Digital Corp.* (2014) 229 Cal.App.4th 1522, 1536.)  Here, however, the record on appeal does not include sufficient information for us to ascertain the grounds upon

8.

which defendants' demurrer was brought or the basis of the superior court's ruling to sustain the demurrer.  Nor does the record include a copy of the challenged pleading.

It was incumbent upon Rodriguez to provide this court with a sufficient record upon which it could determine whether his first amended complaint was legally sufficient to withstand demurrer.  "It is the burden of the party challenging [a judgment or order] on appeal to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez*, at p. 502.)

That Rodriguez is acting in propria persona does not excuse him from the burden of providing an adequate record.  As stated by the Supreme Court, sitting en banc, "we make clear that mere self-representation is not a ground for exceptionally lenient treatment….  A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)  Similarly, an appellant who is self-represented "must follow the rules of appellate procedure.  [Citations.]  Those rules require an appellate brief to support each point by argument and, if possible, by citation to authority and to provide a citation to the record for a factual assertion.  [Citation.]  '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation].  We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation].'  [Citations.]  Further, we may treat a point that is not supported by cogent legal argument as forfeited." (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

9.

Here, the record on appeal is utterly deficient and precludes us from performing the type of review necessary for cases of this nature.[6] The record on appeal contains none of the paperwork associated with defendants' demurrer which, according to the register of actions, would include defendants' notice of hearing, memorandum of points and authorities, request for judicial notice, and declaration of defense counsel in support of the demurrer, as well as Rodriguez's opposition to the demurrer. Nor does the record on appeal include a copy of the court's order sustaining defendants' demurrer.

Most glaringly, the record on appeal does not include a copy of the first amended complaint—the very document that was challenged by defendants' demurrer, found to be deficient in some manner by the trial court, and led to the issuance of the subject order. As a result, we are unable to review the pleading to determine whether it was legally sufficient to withstand demurrer.

Under these circumstances, we are bound to affirm the subject order.

## DISPOSITION

The superior court's "ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ENTIRE ACTION, WITH PREJUDICE, AND VACATING CASE MANAGEMENT CONFERENCE" is affirmed. Costs on appeal are awarded to defendants.

---

[6] We have reviewed Rodriguez's designation of record and conclude that the record on appeal contains all the documents Rodriguez designated for the clerk's transcript.