[Sac. No. 1104. In Bank.—August 1, 1905.]

THE PEOPLE, Appellant, v. G. A. WING, Respondent.

PUBLIC NUISANCE — TIPPLING AND GAMBLING ROOM — MUNICIPAL OR-
DINANCE—ABATEMENT—PLEADING—GENERAL DEMURRER. — A com-
plaint in an action brought by the district attorney in the name
of the people to abate a public nuisance consisting of a tippling
and gambling house maintained in a town within the county in
violation of an ordinance declaring it a public nuisance, which, in
addition to setting forth the ordinance, sets forth facts indicating
a public nuisance in fact, independently of the declaration of the
ordinance, which is threatened to be continued, and alleges that
such room has been so conducted that keeping the same is injurious
to the health, is indecent and offensive to the senses, interferes
with the free use of property, the comfortable enjoyment of life
and property at said town, and is a public nuisance therein, suf-
ficiently states a cause of action to abate a public nuisance, as
against a general demurrer for want of facts, without considering
the effect of the declaration in the ordinance.    [McFarland, J.,
Henshaw, J., and Angellotti, J., dissenting.]

ID.—JURISDICTION OF SUPERIOR COURT.—The superior court had juris-
diction of the subject-matter of the action so brought to abate
the public nuisance in such town. The superior court is the only
court in which such an action may be maintained.

APPEAL from a judgment of the Superior Court of Sierra
County. Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

Frank R. Wehe, District Attorney, and W. I. Redding,
Successor, for Appellant.

The business, as conducted in violation of the ordinance,
was a public nuisance. (Civ. Code, sec. 3479; Wood on Nui-
sances, secs. 1, 37, 38, 45, 763; Crowley v. Christensen, 137
U. S. 86, 11 Sup. Ct. 13; Goddard v. Jacksonville, 15 Ill. 588,
60 Am. Dec. 773; Cleveland v. Citizens' G. L. Co., 20 N. J. Eq.
201; Municipal Corporations Act of 1883, sec. 868; Const.
Cal., art. XI, sec. 11; Wingler v. Kansas, 123 U. S. 623, 8 Sup.
Ct. 273; Fertilizing Co. v. Hyde Park, 97 U. S. 658; Bepley
v. State, 4 Ind. 264, 58 Am. Dec. 628; Lawton v. Steele, 119
N. Y. 226, 16 Am. St. Rep. 813, 23 N. E. 878; Harbaugh
v. City of Monmouth, 74 Ill. 369; Ex parte Shrader, 32 Cal.

279; *Johnson* v. *Simonton,* 43 Cal. 249; *Ex parte Casinello,* 62 Cal. 538; *In re Linebaur,* 72 Cal. 116, 13 Pac. 170; *Mc-Closky* v. *Kreling,* 76 Cal. 511, 18 Pac. 433; *Ex parte Lacey,* 108 Cal. 326, 49 Am. St. Rep. 98, 41 Pac. 411; *Commonwealth* v. *Howe,* 13 Gray, 26; *Streeter* v. *People,* 69 Ill. 595; *Zumhoff* v. *State,* 4 G. Greene, 526; *McLane* v. *Leicht,* 69 Iowa, 401, 29 N. W. 327; *State* v. *Crawford,* 28 Kan. 726, 42 Am. Rep. 182.)

John P. Irish, for Respondent.

The recorder's court has exclusive jurisdiction of all breaches of town ordinances. (Gen. Laws, p. 894.) Equity will not enforce the ordinances of a municipal corporation unless the act is shown to be a nuisance *per se,* and not made such by the ordinance alone. (High on Injunctions, sec. 788; Beach on Injunctions, secs. 1044-1078, 1079, 1301; *Waupun* v. *Moore,* 34 Wis. 450, 17 Am. Rep. 446.)

THE COURT.—This action was brought by the district attorney of Sierra County, under the statute authorizing the district attorney of any county "in which a public nuisance may now or hereafter shall exist" to "bring a civil action in the name of the people of the state to abate said nuisance" (Stats. 1899, p. 103), to procure a decree abating an alleged public nuisance in the town of Loyalton, Sierra County, a municipal corporation of the sixth class, and enjoining the defendant from maintaining the same. A demurrer was interposed to said complaint, the grounds thereof being—1. Want of facts sufficient to constitute a cause of action; and 2. That the court had no jurisdiction of the subject-matter of the action. The superior court sustained said demurrer, and plaintiff declining to amend, judgment was entered in favor of defendant. The plaintiff appeals from said judgment.

The alleged public nuisance is the keeping and maintenance in said town of "a tippling-house where spirituous, vinous, malt, and intoxicating liquors are sold and given away," and "a gambling-room," all "known as Wing's saloon," which, it is alleged, said defendant has maintained for some time, and threatens to continue to maintain.

It appeared from the allegations of the complaint that the board of trustees of this town has by ordinance prohibited the

maintenance of such places, and has declared by the same ·
ordinance the doing of any act prohibited thereby "to be a
public nuisance." Reliance is placed by appellant upon this
official declaration of said trustees. (See Municipal Corp.
Act, sec. 868, Gen. Laws 1903, p. 902.) We do not here, how-
ever, feel called upon to express any opinion as to the effect
of this declaration.

Independently of the allegations as to said ordinance, there
are allegations of specific facts tending to the conclusion that
the place complained of is being conducted in such a way
that it is a public nuisance in fact, and that the maintenance
of it in this way is threatened to be continued. It is also
alleged in terms that it has been so conducted "to the extent
that the keeping of said tippling-house and place and gam-
bling-room is injurious to the health, is indecent, and of-
fensive to the senses, interferes with the free use of property,
the comfortable enjoyment of life and property at said town
of Loyalton, and is a public nuisance therein."

It is unnecessary to here consider the allegations of the
complaint in this behalf further than to say that we think
they sufficiently state a cause of action for abatement of a
public nuisance, as against a general demurrer for want of
facts.

We see nothing in the contention made by the demurrer
that the superior court of Sierra County was without juris-
diction of the subject-matter of the action. The superior
court is the only court in which actions of this character may
be maintained. (Const., art. VI, sec. 5.)

The judgment is reversed and the cause remanded, with
directions to the lower court to overrule the demurrer inter-
posed to the complaint.

McFarland, J., Henshaw, J., and Angellotti, J., dissented.