[Civ. No. 2094. Second Appellate District.—June 14, 1916.]

JOSEPH WEIS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN DIEGO and C. N. ANDREWS, Judge of Said Court, Respondents.

PUBLIC NUISANCE—INDECENT EXHIBITION OF WOMEN—INJUNCTION—JURISDICTION.—The superior court has jurisdiction to restrain the proprietor of a public resort and place of amusement from conducting an indecent exhibition of the persons of the women therein employed, on the ground that such exhibition is a public nuisance, notwithstanding that such acts constitute the crime of indecent exposure as defined in section 311 of the Penal Code, for which, upon conviction, the law prescribes a penalty.

ID.—ABATEMENT OF PUBLIC NUISANCE.—Any act which is an offense against public decency, or any public exhibition which is offensive to the senses, whether of sight, sound, or smell, or which tends to corrupt public morals or disturb the good order and welfare of society, is a public nuisance, and under the provisions of section 731 of the Code of Civil Procedure, the district attorney is authorized to bring a civil action in the name of the people of the state to abate the same.

ID.—CRIMINAL ACTS—INJUNCTION.—While courts of equity have no jurisdiction to enjoin the commission of acts merely because such acts when committed would constitute a crime, yet, where the threatened acts, if committed, in addition to being an indictable offense, constitute a public nuisance, such courts are vested with jurisdiction to interpose their injunctive process to prevent injury which will result from the maintenance thereof.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Wm. E. Ginder, for Petitioner.

Spencer M. Marsh, District Attorney, and F. F. Schuermeyer, Assistant District Attorney, for Respondents.

SHAW, J.—Prohibition. Respondents have interposed a general demurrer to a petition, in compliance with which this court issued an alternative writ of prohibition directed to the superior court of San Diego County, commanding it to refrain

from further proceedings in a certain matter there pending, entitled "The People of the State of California, Plaintiff, v. Joseph Weis, Jane Doe and Mary Roe, Defendants."

As shown by the petition, the district attorney of San Diego County, on April 27, 1916, pursuant to the provisions of section 731 of the Code of Civil Procedure, commenced an action in the superior court of San Diego County entitled as above, the purpose of which was to secure an injunction against the doing of certain acts by defendants alleged to constitute a public nuisance, and thus abate the same.

In substance, the complaint filed in that action and made a part of the petition for the writ alleges that under a concession granted to defendant Joseph Weis by the Panama-California International Exposition said defendant is conducting upon what is known as the "Isthmus," in the exposition grounds, a public resort and place of amusement and entertainment designated and known as the "Sultan's Harem," which for an admission is open to the general public; that since about March 18, 1916, to the time of filing the complaint, said defendant Joseph Weis, as a part of the entertainment so given in said Sultan's Harem, has employed Jane Doe and Mary Roe as such employees to make, and who do make, in the presence of a large number of men, women, and children, a public exhibition and exposure of their naked persons and private parts thereof to those attending said place, and which exhibition, as alleged, is indecent and offensive to the senses; that such exhibition constitutes a public nuisance, and will continue to constitute such nuisance unless restrained by the court; followed by a prayer for an injunction.

The demurrer interposed to this complaint was overruled by the court, which, as alleged in the petition, threatens to and will, unless restrained by this court, grant an injunction as prayed for in the complaint.

The contention of petitioner is based upon the ground that a court of equity has no jurisdiction to enforce the criminal laws by injunction. We agree with counsel that the threatened acts described in the complaint, when committed, would constitute the crime of indecent exposure, as defined in section 311 of the Penal Code, for which, upon conviction, the law prescribes a penalty; and it is likewise true, as claimed, that courts of equity have no jurisdiction to enjoin the commission of acts merely because such acts when committed

would constitute a crime. Where, however, the threatened acts, if committed, in addition to being an indictable offense, will constitute a public nuisance, courts of equity are vested with jurisdiction to interpose their injunctive process to prevent injury which will result from the maintenance thereof. (*People* v. *Truckee Lumber Co.*, 116 Cal. 397, [58 Am. St. Rep. 183, 39 L. R. A. 581, 48 Pac. 374].) As well said in a concurring opinion by Judge Valliant in the case of *State ex rel. Attorney-General* v. *Canty*, 207 Mo. 439, [123 Am. St. Rep. 393, 13 Ann. Cas. 787, 15 L. R. A. (N. S.) 747, 105 S. W. 1078] : "A court of equity will not undertake to enforce the criminal law. Therefore, it will not enjoin the commission of a threatened act merely because the act would be a crime, but, on the other hand, neither will it withhold its equitable relief in a case in which, for other reasons, it has jurisdiction, merely because the act when committed would be a crime. An act displayed before a public audience which is debasing in its character, debauching in its influence on public morals, and brutalizing in its effect on the spectators is a public nuisance, which a court of equity has jurisdiction to enjoin, and the court is not robbed of its jurisdiction merely because the act besides being a nuisance is also a crime." While the acts here complained of clearly constitute a crime, they also constitute a nuisance within the meaning of section 3479 of the Civil Code, which defines a nuisance as "Anything which is . . . indecent or offensive to the senses, . . . so as to interfere with the comfortable enjoyment of life or property. . . ." And section 3480 of the same code defines a public nuisance as "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Mr. Joyce in his work on Nuisances (section 409) says: "A disorderly and disreputable theater may be enjoined, although a common nuisance." To the same effect is Wood on Nuisances (section 68), where it is said: "A public exhibition of any kind that tends to the corruption of morals, to a disturbance of the peace, or of the general good order and welfare of society, is a public nuisance. Under this head are included . . . obscene pictures, and any and all exhibitions, the natural tendency of which is to pander to vicious . . . and disorderly members of society." Says

the supreme court of Indiana, in *State* v. *Ohio Oil Co.,* 150
Ind. 21, [47 L. R. A. 627, 49 N. E. 809] : "Every place where
a public statute is openly, publicly, repeatedly, consistently,
and intentionally violated, is a public nuisance." (See, also,
*Reaves* v. *Territory,* 13 Okl. 396, [74 Pac. 951] ; *Common-
wealth* v. *McGovern,* 116 Ky. 212, [66 L. R. A. 280, 75 S. W.
261] ; *People* v. *Doris,* 14 App. Div. 117, [43 N. Y. Supp. 571] ;
*Farmer* v. *Behmer,* 9 Cal. App. 773, [100 Pac. 901] ; *People*
v. *Wing,* 147 Cal. 379, [81 Pac. 1103] ; *State ex rel. Vance* v.
*Crawford,* 28 Kan. 518, [42 Am. Rep. 182].) Not only as
thus defined by text-writers and supported by decisions, but
as declared in section 3479 of the Civil Code, any act which
is an offense against public decency, or any public exhibition
which is offensive to the senses, whether of sight, sound, or
smell, or which tends to corrupt public morals or disturb the
good order and welfare of society, is a public nuisance, and,
under the provisions of section 731 of the Code of Civil Pro-
cedure, the district attorney is authorized to bring a civil ac-
tion in the name of the people of the state to abate the same.
That defendants are conducting, and will continue to conduct,
before a public audience of men, women, and children, an
indecent exhibition, debasing in character and well calculated
to offend the senses and debauch the public morals of those
who witness it, clearly appears. Why should the public be
subjected to such baneful influence, when it can be protected
by the preventive remedy of the court? Conceding that the
injunctive process of the court should not issue to restrain the
women there employed from making an indecent exhibition
of themselves, since the threatened acts will be but a crime,
nevertheless the defendant Joseph Weis, who is proprietor and
conducts the place and employs them so. to do, is subject to
such process. The threatened acts if permitted will not only
constitute a public nuisance, to be dealt with by the courts
having jurisdiction over crimes, but will constitute a public
nuisance, injurious to public morals and the good order of
society, to prevent which a court of equity has jurisdiction
in a civil action brought by the district attorney in the name
of the people of the state, thus subserving the public morals
and protecting men, women, and children attending this
public resort as spectators from being subjected to witnessing
the offensive and indecent exhibition which petitioner is con-

ducting and will, as alleged, continue to conduct, unless restrained by order of the court.

The application for a peremptory writ is denied and the proceeding is dismissed.

Conrey, P. J., and James, J., concurred.