Sandra **NELSON**, a minor who sues by and through **J. D. Nelson**, her father and next friend, Plaintiff,

v.

G. C. **MURPHY COMPANY**, a corporation, et al., Defendants.

**J. D. NELSON**, Plaintiff,

v.

G. C. **MURPHY COMPANY**, a corporation, et al., Defendants.

Civ. A. Nos. 65-575, 65-576.

United States District Court
N. D. Alabama, W. D.

Sept. 24, 1965.

Ralph R. Williams, of Williams & McDuff, Tuscaloosa, Ala., for plaintiffs.

Jones, McEachin, Ormond & Fulton, Tuscaloosa, Ala., for defendant.

GROOMS, District Judge.

These cases are before the Court on the defendant's motions to dismiss and the plaintiffs' motions to remand.

In Case No. 65–575, plaintiff, a minor suing by next friend, claims $9,000.00 under Count One for negligence. She claims a like sum under Count Two for the alleged wanton conduct of the defendant. Only compensatory damages are recoverable under Count One. Both compensatory and punitive damages are recoverable under Count Two. Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15. Punitive damages awarded for wanton conduct are in addition to compensatory damages. Marigold Coal, Incorporated v. Thames, 274 Ala. 421, 149 So.2d 276. If the evidence justified a recovery for wanton conduct, plaintiff could recover as much as $18,000.00 under her complaint as presently drawn. Punitive damages are not special damages, Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387, and need not be specially stated as required by Rule 9(g) of the Federal Rules of Civil Procedure.

Case No. 65–576 is an action by the father of the minor plaintiff in Case No. 65–575 for loss of services and to recover the expenses entailed on account of the injuries sustained by the minor. In each of the two counts of the complaint $9,000.00 in damages is claimed. The complaint follows the pattern of the complaint in Case No. 65–575, except that in Count Two a claim is made for the loss of services referred to. Punitive damages are not recoverable by a father for loss of services of a child. Bube v. Birmingham Railway, Light & Power Co., 140 Ala. 276, 37 So. 285. In the father's case, "[T]he damages are compensatory, including, of course, nursing, medical expenses, and the like." Bube v. Birmingham Railway, Light & Power Co., supra. Consequently, the damages claimed in the two counts cannot be aggregated in determining the jurisdictional amount involved in the case, since only compensatory damages can be recovered under each count, notwithstanding the fact that the gravamen of Count Two is the alleged wanton conduct of the defendant.

The Court is, therefore, of the opinion that the motion to remand should be overruled as to Case No. 65–575 and granted as to Case No. 65–576.