[L.A. No. 30003. In Bank. Apr. 5, 1973.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JAYHILL CORPORATION et al., Real Parties in Interest.

284

## COUNSEL

Evelle J. Younger, Attorney General, Herschel T. Elkins, Walter E. White and Michael R. Botwin, Deputy Attorneys General, for Petitioner.

Alan Goldhammer, Stephen Z. Meyers, Terry J. Hatter, Jr., Jerome L. Levine, Abby Soven, Lucy K. McCabe, Weyman I. Lundquist, Douglas M. Schwab, John Roger Beers, Heller, Ehrman, White & McAuliffe, James R. McCall, Theresa L. O'Connell, Eric W. Wright and John P. Kelley as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Frederick P. Furth, Peter C. Haley, Geoffrey P. Knudsen, Brian P. Burns, Jerome Sapiro, Jr., and Cushing, Cullinan, Hancock & Rothert for Real Parties in Interest.

## OPINION

**MOSK, J.**—This is a civil action by the Attorney General against various sellers of encyclopedias and similar publications by door-to-door solicitation, charging false and misleading advertising (Bus. & Prof. Code, § 17500) and unfair competition (Civ. Code, § 3369). The complaint prays, inter alia, that defendants be ordered to offer each customer who has been solicited by a fraudulent sales presentation the opportunity to rescind his contract, return the products, and obtain a refund. The complaint also seeks an award of civil penalties of $2,500 for each act of false or misleading advertising (Bus. & Prof. Code, § 17536), and exemplary damages (Civ. Code, § 3294) for each act of unfair competition.

█ The trial court permitted a prayer for an injunction in futuro to stand (Bus. & Prof. Code, § 17535), but on defendants' motion struck all other forms of relief sought; it also ruled that the complaint did not allege certain matters with sufficient specificity. The Attorney General petitions for a writ of mandate to review these adverse rulings. In the circumstances, the remedy is appropriate. (*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 806-807 [94 Cal.Rptr. 796, 484 P.2d 964]; *Holtz* v. *Superior Court* (1970) 3 Cal.3d 296, 301, fn. 4 [90 Cal.Rptr. 345, 475 P.2d 441].)

At the time the complaint was filed Business and Professions Code section 17535 provided that false or misleading advertising "may be enjoined" in an action by the Attorney General, but was silent as to the power of the trial court to order restitution in such a proceeding. █ On the other hand the statute did not restrict the court's general equity jurisdiction "in so many words, or by a necessary and inescapable inference." (*Porter* v. *Warner Co.* (1946) 328 U.S. 395, 398 [90 L.Ed 1332, 1337, 66 S.Ct. 1086].) In the absence of such a restriction a court of equity may exercise the full range of its inherent powers in order to accomplish complete justice between the parties, restoring if necessary the *status quo ante* as nearly as may be achieved. (*McClenny* v. *Superior Court* (1964) 62 Cal.2d 140, 148 [41 Cal.Rptr. 460, 396 P.2d 916]; *Snelson* v. *Ondulando Highlands Corp.* (1970) 5 Cal.App.3d 243, 258 [84 Cal.Rptr. 800, 85 Cal.Rptr. 806]; *People* ex rel. *Mosk* v. *National Research Co. of Cal.* (1962) 201 Cal.App.2d 765, 775-776 [20 Cal.Rptr. 516].) █ In particular, in an action by the Attorney General under secton 17535 a trial court has the inherent power to order, as a form of ancillary relief, that the defendants make or offer to make restitution to the customers found to have been defrauded. (For analogous federal cases, see *Mitchell* v. *DeMario Jewelry* (1960) 361 U.S. 288 [4 L.Ed.2d 323, 80 S.Ct. 332];

*Porter* v. *Warner Co.* (1946) *supra,* 328 U.S. 395; *Securities and Exchange Com'n.* v. *Texas Gulf Sulphur Co.* (2d Cir. 1971) 446 F.2d 1301; *McComb* v. *Frank Scerbo & Sons* (2d Cir. 1949) 177 F.2d 137; *Walling* v. *O'Grady* (2d Cir. 1944) 146 F.2d 422.) The court below erred in ruling to the contrary.[1]

██ A variation of the problem emerges in relation to the prayer for exemplary damages. The Attorney General seeks such monetary recovery not on behalf of those who were victimized by the alleged acts of unfair competition, but on behalf of the people of the state generally. The Attorney General asserts that although such damages would represent a windfall to the public treasury, they are a desirable adjunct in effectuating the purpose of section 3369 to punish those who engage in unfair competition. It is the general rule, however, that in the absence of statute, exemplary damages are allowed only to the immediate person injured. (See *Nelson* v. *G. C. Murphy Company* (N.D.Ala. 1965) 245 F.Supp. 846, 847; *French* v. *Orange County Inv. Corp.* (1932) 125 Cal.App. 587, 591 [13 P.2d 1046]; *Hughey* v. *Ausborn* (1967) 249 S.C. 470 [154 S.E.2d 839, 841, 25 A.L.R.3d 1406]; Stein, Damages and Recovery (1972) p. 380.) In a limited sense it may be said that the citizenry in general suffers when acts of unfair competition are committed against some of its members, but in the absence of statutory command such vague and speculative injury is not sufficient to justify the imposition of the equivalent of a civil penalty.[2]

The final question is whether the trial court erred in its ruling that the complaint failed to allege certain matters with sufficient specificity. The court ruled that "[P]laintiff will have to allege specific acts in order to seek penalties under section 17536."

The complaint alleges that defendants, "with intent to induce members of the public to enter into contracts for the purchase of publications and related services, have, in violation of Business and Professions Code sec-

---

[1]The Legislature has now explicitly recognized the foregoing inherent power in an amendment to section 17535 declaring that "The court may make such orders or judgments . . . which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful." (Stats. 1972, ch. 244.) In light of its legislative history, we hold that the amendment was intended not to create a new power in the trial court but simply to clarify existing law on the point.

[2]After the present action was filed, the Legislature enacted a statute imposing a civil penalty not to exceed $2,500 for violation of section 3369 of the Civil Code, and providing that such penalty shall be recovered in a civil action brought by the Attorney General. (Stats. 1972, ch. 1084, § 2. adding Civ. Code, § 3370.1.) The provisions of the new statute are essentially identical to Business and Professions Code section 17536.

tion 17500, engaged in a scheme to mislead customers by a series of misrepresentations." It is then charged that certain specific misrepresentations were made to "customers solicited" by a particular defendant. Attached as exhibits to the complaint are the sales dialogues allegedly employed by some of the defendants, containing the representations in question. The clear implication of these allegations is that each defendant made the misrepresentations attributed to him to each customer solicited.

■ Defendants argue that the allegations are insufficient because they do not state the names of the customers allegedly solicited, the names of the salesmen making the misrepresentations, and the time and place of the misrepresentations. In our view, these evidentiary facts need not be pleaded, and the acts relied upon by the Attorney General as constituting the violations are alleged in sufficient detail to apprise defendants of the basis of the cause of action. If defendants require further specifics in order to prepare their defense, such matters may be the subject of discovery proceedings.

The court also ruled that "each claim for penalty is a separate cause of action," apparently on the theory that each violation of section 17500 constitutes a distinct cause of action which must be separately stated. (Code Civ. Proc., § 430, subd. 5.) We do not agree. The Attorney General has only one cause of action against a particular defendant for violating section 17500; for this he seeks several forms of relief, including the civil penalty of $2,500 set forth in section 17536. Since multiple victims are involved he prays for a penalty for each violation, but this does not elevate each violation to a separate cause of action. Defendants, moreover, would derive no advantage from the bare repetition of the alleged misrepresentations in separate paragraphs representing different customers solicited. ■ We hold that the Attorney General has only one cause of action against a defendant for violating section 17500, but that the amount of civil penalties which may be imposed under section 17536 is dependent upon the number of "violations" committed by a defendant.

We determine what constitutes a "violation" as that term is used in section 17536. The Attorney General contends that each misrepresentation by a defendant constitutes a separate violation subject to a $2,500 civil penalty. As the number of misrepresentations allegedly committed by defendant Jayhill alone is no less that 25, under the Attorney General's theory Jayhill would be liable for a $62,500 penalty for each customer solicited if the allegations were proved. While the intent of section 17536 was to strengthen the hand of the Attorney General in seeking redress for

violations of section 17500,[3] it is unreasonable to assume that the Legislature intended to impose a penalty of this magnitude for the solicitation of one potential customer. ▆ Rather, we believe the Legislature intended that the number of violations is to be determined by the number of persons to whom the misrepresentations were made, and not by the number of separately identifiable misrepresentations involved. Thus, regardless of how many misrepresentations were allegedly made to any one potential customer, the penalty may not exceed $2,500 for each customer solicited by a defendant.

The demurrer to the petition for writ of mandate is overruled. Let a peremptory writ of mandate issue directing respondent to set aside its order of May 5, 1971, and to enter a new order in conformity with the views expressed herein.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

---

[3]The purpose of section 17536 has been described as follows: "The new civil remedy was added because the injunction and misdemeanor provisions of the old law were not adequate to stop false advertising rackets. The injunction is little more than a cease and desist order. The guilty party keeps his gains and is merely ordered not to defraud people in the same way again. Criminal prosecutions are seldom undertaken because juries tend to be reluctant to apply criminal sanctions to white-collar crimes and because it is difficult for outsiders to fix responsibility in the modern corporate structure." (Review of Selected 1965 Code Legislation (Cont.Ed.Bar 1965) p. 21.)