[Civ. No. 33441. First Dist., Div. Four. Nov. 30, 1973.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
MICHAEL KARDON, Real Party in Interest.

**COUNSEL**

Evelle J. Younger, Attorney General, Robert H. O'Brien, Assistant Attorney General, Herschel T. Elkins, John C. Porter and James B. Cuneo, Deputy Attorneys General, and Neal McCaslin, District Attorney, for Petitioner.

No appearance for Respondent.

Ball, Hunt, Hart, Brown & Baerwitz and Albert H. Ebright for Real Party in Interest.

## OPINION

**DEVINE, P. J.**—The People seek a writ of mandate to compel the superior court to vacate its order denying a motion to compel real party in interest, Michael Kardon, to answer interrogatories concerning his financial worth. Kardon is a defendant in an action brought by the Attorney General in which injunction, restitution and damages are sought because of alleged false and misleading advertising and other unlawful and unfair business practices, in violation of Business and Professions Code section 17500 and Civil Code section 3369, subdivision 3. Punitive damages originally were prayed for, but this element was eliminated on the basis of *People* v. *Superior Court (Jayhill)* 9 Cal.3d 283 [107 Cal.Rptr. 192, 507 P.2d 1400], in which it was held that in the absence of statute, exemplary damages are allowed only to the person immediately injured. Because the statute (Civ. Code, § 3369) did not make provision for exemplary damages, such damages could not be recovered by reason of whatever loss was sustained by the citizenry in general by acts of unfair competition. But Business and Professions Code section 17536 and Civil Code section 3370.1 impose a civil penalty not to exceed $2,500 for each violation of Civil Code section 3369, and provide that such penalty shall be recovered in a civil action brought by the Attorney General.

The Attorney General has indicated that the People will attempt to show that defendants have committed, at the minimum, 40 violations for which the maximum penalty, as well as restitution, will be sought. Accordingly, the potential maximum penalty judgment is in excess of $100,000, since "the number of violations [for which the $2,500 penalty is authorized] is to be determined by the number of persons to whom the misrepresentations were made." (*People* v. *Superior Court, supra,* at p. 289.) Wherefore, the Attorney General urges that in order to provide the necessary information for the assessing of an appropriate penalty, and also in order to enable the People to rebut whatever evidence the defense may present by way of showing that the defendants' activities were unprofitable or that defendants are not wealthy, the discovery sought is essential.

The trial judge, in denying the motion to compel answers to interrogatories, ruled: 1) that in the absence of statute, the court's jurisdiction does not extend to inquiry of financial condition; and 2) that if the court finds liability, there should be no difficulty in determining a fair penalty without the necessity of delving into Kardon's financial condition.

It is our conclusion: 1) that the penalty provisions of Business and Professions Code section 17536 and Civil Code section 3369 are

sufficiently similar to exemplary damages as to permit discovery of the defendant's financial condition in appropriate cases; and 2) that the court did not abuse its discretion in denying financial discovery at this time.

■ When a plaintiff seeks compensatory damages only, he is not entitled to discovery relative to the defendant's financial worth. His damages are to be measured by his own loss. An award in such a case must not be made for the purpose of punishing the defendant or making an example of him. ■ On the other hand, if punitive damages may be awarded, evidence of the defendant's financial condition is admissible at the trial for the purpose of determining the amount that it is proper to award. The trier of fact cannot measure the punishment without knowledge of defendant's ability to respond to a given award. Therefore, defendant's financial condition is relevant to the issues and is properly discoverable. (*Coy* v. *Superior Court,* 58 Cal.2d 210, 223 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678].)

Although the penalties referred to above are not exemplary damages, they do partake of the nature of punishments for wrongdoing and in order to accomplish a chastisement of the wrongdoer and to act as a deterrent against similar misconduct by him and by others, it is necessary to have information about his financial condition. A relatively small penalty might suffice for the small operator, while the same penalty would be paid with little hurt by the wealthy one. There is nothing in the *Jayhill* opinion which militates against this conclusion, although *Jayhill* does rule that exemplary damages as such have not been provided by the statutes. *Jayhill* does give express recognition to the intent of Business and Professions Code section 17536 as strengthening the hand of the Attorney General in seeking redress for violations of section 17500. (*People* v. *Superior Court (Jayhill)* 9 Cal.3d 283, 288-289 [107 Cal.Rptr. 192, 507 P.2d 1400]; to the same effect, see Review of Selected 1965 Code Legislation (Cont.Ed. Bar), p. 21.) Although there has been no decision directly on the subject, it appears that the penalty provided for by section 17536 is civil and not criminal in nature. (Kirby, *Actions for False Advertising Under Cal. Bus. & Prof. Code § 17536: An Argument for Applying Civil Rules of Proof,* 5 U.S.F. L.Rev. 440, and cases cited therein; *L. B. Foster Co.* v. *County of Los Angeles,* 265 Cal.App.2d 24 [71 Cal.Rptr. 16]; *Helvering* v. *Mitchell,* 303 U.S. 391 [82 L.Ed. 917, 58 S.Ct. 630].) Discovery of the financial condition of an accused in any of the multitude of crimes for which a fine might be imposed would be unthinkable; but the penalty in this case is civil, to be recovered in a civil action.

From all of the above, we conclude that the matter of finances of the defendants is relevant and is subject to discovery. But it does not follow that a writ of mandate should issue directing the trial court to compel answers to the interrogatories which were the subject of plaintiff's motion, referred to above. There is an implication in the order that because there should be no difficulty in determining a fair penalty "if the court finds liability," discovery should be postponed until after liability has been determined. But the fact that a triable issue has not yet been determined does not necessarily prevent earlier discovery. (*Coy* v. *Superior Court, supra,* 58 Cal.2d at p. 223.)

On the other hand, we do find a difference between exemplary damages and the penalties which are the subject of discussion, in that exemplary damages are not limited by statute as to amount. Besides, one of the purposes of allowing discovery in cases where exemplary damages are sought is that settlement may be facilitated thereby, whereas in business frauds cases the objective of the district attorney and Attorney General is not merely the recovery of a sum of money, but also deterrence of fraudulent behavior. If, let us say, there were charged but one violation of Business and Professions Code section 17500, so that the maximum penalty would be $2,500, it would seem to be wrong to require elaborate discovery of the defendant's worth. A considerable amount of discretion must be given to the trial judge. In the present case, there had been considerable revealing to plaintiff of finances by the defense prior to the decision of *Jayhill,* which the judge properly made subject to a protective order. The cause has been pending since 1969 and has been considered in all of the pretrial activities up to and including the motion for discovery, by the same judge of the superior court. He will be in the best position to use judicial discretion on the subject of interrogatories, the extent thereof, and the time at which answers are to be required. Because the trial court, when it denied the motion for discovery, did so mainly on the proposition, which is contrary to our present decision, that the defendants' financial condition is relevant only to exemplary damages and not to the kind of penalty created by the statutes, the trial judge should have the opportunity to reconsider the motion and to decide what, if any, further discovery is proper under all the circumstances.

Accordingly, as was done in *Steele* v. *Superior Court,* 56 Cal.2d 402, 406 [15 Cal.Rptr. 116, 364 P.2d 292], and *West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, 422 [15 Cal.Rptr. 119, 364 P.2d 295], a writ of mandate will issue requiring respondent court to vacate its order

denying the motion compelling answers to interrogatories and to make its order in reference thereto in accordance with the views expressed herein.

Rattigan, J., and Christian, J., concurred.