**Ramiro ROSALES, Plaintiff,**

v.

**CITIBANK, FEDERAL SAVINGS BANK and Does 1–50, Defendants.**

**No. C0021299PVT.**

United States District Court, N.D. California, San Jose Division.

Feb. 14, 2001.

showing that Telegen discovered a misappropriation of its trade secrets before the limitations period.

William E. Kennedy, Law Office of William E. Kennedy, Santa Clara, CA, for plaintiff.

Abraham J. Colman, Felicia Yu, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for defendant.

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

TRUMBULL, United States Magistrate Judge.

### I. INTRODUCTION

Plaintiff Ramiro Rosales filed the present action in California Superior Court

alleging claims under the Electronic Funds Transfer Act, 15 U.S.C. § 1693, and California's Unfair Business Practices Act, California Business & Professions Code § 17200. Defendant Citibank, Federal Savings Bank ("Citibank") removed the action to federal court on December 28, 2000, pursuant to 28 U.S.C. § 1441(b). The parties have consented to the assignment of this action to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Citibank now moves to strike several allegations in the complaint, specifically those allegations in which Plaintiff seeks restitutionary relief and the allegations made on behalf of members of the general public. The motion was fully briefed by the parties and regularly came on for hearing before the court on February 13, 2001.

Having considered the papers submitted by the parties and the arguments of counsel at the hearing, Defendants' motion to strike is DENIED.

## II. FACTUAL BACKGROUND

The following facts are alleged in the complaint: Mr. Rosales opened Citibank checking and savings accounts in 1999. Complaint ¶ 10. In early September 2000, Mr. Rosales discovered that more than $2,000 was missing from his account. *Id.* ¶¶ 1, 10. Specifically, from August 30 through September 5, withdrawals totaling $2,149.23 were made from Mr. Rosales' account via non-Citibank ATMs located in the Los Angeles area. *Id.* ¶¶ 1, 11. During that time period, Mr. Rosales was in San Jose. *Id.* ¶ 11. Mr. Rosales did not authorize the withdrawals and he promptly reported the discrepancy to a Citibank branch office. *Id.* ¶¶ 1, 11, 12. Citibank investigated the claims, and declined to reimburse Mr. Rosales on September 21. Citibank's stated basis for refusing to reimburse Mr. Rosales was:

A careful review of our records indicates that these withdrawals were made from your account as indicated above. Please note that Automated Teller Machine withdrawals can be made only by using your CitiBanking Card AND your Personal Identification Code together. You

have informed us that your CitiBanking Card has not been out of your possession. Based upon this information and the results of our investigation, we are unable to honor your claim for reimbursement.

*Id.* ¶ 3. Citibank also declined to provide to Mr. Rosales copies of the documents which Citibank used in its investigation. *Id.* ¶ 17.

Approximately one month later, Mr. Rosales filed suit on behalf of himself and the people of California. The complaint alleges two causes of action: violation of the federal Electronic Funds Transfer Act (15 U.S.C. § 1693) and violation of California's Unfair Competition Law (California Business & Professions Code § 17200). Specifically, Mr. Rosales alleges that Citibank violated 15 U.S.C. § 1693(a), (b), (d), (e), and (g) when it failed to investigate each of the unauthorized transfers, failed to recredit the amounts of those unauthorized transfers to his account, failed to provide Mr. Rosales with the documents used in its investigation, failed to make a good faith investigation of the withdrawals, and "knowingly and willfully conclud[ed] that plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Citibank at the time of its investigation." Complaint ¶¶ 19–23. These same acts give rise to Mr. Rosales' unfair competition claim in that the same conduct which violates the Electronic Fund Transfer Act constitutes an unfair, unlawful or deceptive business practice in violation of Section 17200. The complaint further alleges that the unlawful acts "were committed pursuant to Citibank's normal business practices and thus many consumers have been affected thereby in a similar manner." *Id.* ¶ 26. Plaintiff seeks injunctive relief and restitution on behalf of himself and all members of the general public who have been subjected to, and have suffered from, such unlawful business practices. *Id.* ¶ 27.

In the Prayer, Plaintiff seeks actual and incidental damages, interest as allowed by

law, penalties and treble damages pursuant to the Electronic Fund Transfer Act, costs and reasonable attorneys fees, and "injunctive and restitutionary relief on behalf of plaintiff and the people of California pursuant to Business and Professions Code § 17203, including but not limited to restitutionary relief to similarly affected Citibank account holders who experienced unauthorized withdrawals and did not receive reimbursement." Complaint at page 6.

## III. ANALYSIS

■ Under Federal Rule of Civil Procedure 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). This includes striking any part of the prayer for relief when the relief sought is not recoverable as a matter of law. *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1479 n. 34 (C.D.Cal.1996). The essential function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Rule 12(f) motions are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Bureerong,* 922 F.Supp. at 1478; *accord Pease & Curren Ref., Inc. v. Spectrolab, Inc.,* 744 F.Supp. 945, 947 (C.D.Cal.1990). Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D.Cal.1992). Courts must view the pleading under attack in the light most favorable to the pleader, treating as admitted all material facts alleged and all reasonable presumptions that can be drawn therefrom. *California v. United States,* 512 F.Supp. 36, 39 (N.D.Cal.1981).

In the present motion, Citibank moves to strike allegations from the complaint whereby Plaintiff seeks restitution of the money withdrawn from his account and the allegations whereby Plaintiff pleads on behalf of other members of the general public and seeks restitution on their behalf.[1]

### A. *The Allegations Seeking Restitution to Mr. Rosales*

■ The gist of Citibank's motion is that Mr. Rosales is not legally entitled to seek restitution of the money that was withdrawn from his account without his authorization. Citibank's theory is that in order for restitution to be ordered, two conditions must be met: first, the plaintiff must have been wrongfully deprived of property, and 2) defendant obtained something it was not authorized to keep. Citibank argues that:

> Under Section 17203, the notion of restitution is not without limit as the offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep. *See Day v. AT & T Corp.* (1998) 63 Cal.App.4th 325, 340, 74 Cal.Rptr.2d 55. In other words, Section 17203 operates only to return to a person those measurable amounts which are wrongfully taken by means of an unfair business practice. *Day, supra,* 63 Cal.App.4th at 339, 74 Cal.Rptr.2d 55. The amount restored is objectively measurable as that amount which the defendant would not have received but for the unfairly competitive practice. *Id.* [¶] In this case, Plaintiff has not alleged that Defendant has improperly obtained or received any funds from him. Instead, Plaintiff contends that money was withdrawn from his Accounts by unknown and unauthorized persons accessing various ATMs and that Defendant should credit his Accounts for the Unauthorized With-

---

1. No challenge is made to the allegations under the Electronic Fund Transfer Act; instead, the motion is directed only to the relief sought in the Section 17200 claim, individually and on behalf of the general public.

drawals in accordance with the EFTA. At most, Plaintiff has stated a claim for damages and not restitution against Defendants. Because Plaintiff cannot show that Defendant obtained property it was not entitled to keep, the restitutionary relief sought by Plaintiff is unavailable as a matter of law.

Motion at 4. Citibank's argument, thus, is that since Citibank has not taken anything from Mr. Rosales, there is nothing which Citibank can be ordered to restore to him.

Citibank's argument is not persuasive and its reliance upon *Day* is misplaced. *Day* involved allegations that AT & T was engaged in an unfair or deceptive business practice by advertisements for telephone calling cards that did not disclose AT & T's practice of rounding up calls to the next whole minute. The billing practice itself was not deceptive or unlawful, although the advertisements were, and the relief which could be ordered was limited to only injunctive relief. Restitution could not be ordered because the "filed rate doctrine"[2] insulated AT & T from any order that would have the effect of imposing a rate other than that approved by the FCC. Thus, although there is language in *Day*, regarding the nature of the restitutionary remedy, suggesting that an order of restitution is available under the Unfair Competition Law only when the offending party has obtained something from the victim which it is not entitled to keep, the language is dicta. Other language within the opinion discussing of the monetary remedies available under the Unfair Competition Law confirms that where a measurable amount has been taken from a person in the course of an unfair business practice, that loss can be restored to the victim. *Day*, 63 Cal.App.4th at 338–39, 74 Cal. Rptr.2d 55.

Here, too, Citibank's argument is unpersuasive. The money in Mr. Rosales' account belonged to Mr. Rosales. The allegations in the complaint may be fairly read that Citibank allowed an unauthorized person to withdraw money from that account. The fact that Citibank no longer has those funds that it allowed to be removed from Mr. Rosales' account does not change the analysis. There is no reason why Citibank could not be ordered to pay an amount of money to Mr. Rosales as restitution for the wrongfully withdrawn funds.

■ Significantly, Citibank ignores the fact that it may be wrongfully in the possession of money to which Mr. Rosales is entitled: if the EFTA required Citibank to credit to Mr. Rosales' account the amount of the unauthorized withdrawals and Citibank failed to do so, then Citibank possesses money belonging to Mr. Rosales in violation of the law, and hence, by means of "unfair competition." Unfair competition is broadly defined to include "any unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising...." Bus. & Prof. Code § 17200. The statute broadly prohibits all wrongful business activity in whatever context it presents itself. *Day v. AT & T Corp.*, 63 Cal.App.4th 325, 331, 74 Cal.Rptr.2d 55 (1998). While damages are not recoverable under the statute, other remedies, including injunctive relief and restitution are available. Section 17203, among other things, authorizes a court to make any order "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Thus, through the alleged violations of the Electronic Transfer Act, and in particular Citibank's failure to credit the money to the accounts, Citibank has arguably "acquired money by means of unfair competition." That money

---

**2.** Common carriers are prohibited from charging rates higher or lower than those contained within the rate schedules filed with the FCC, and consumers are presumed to know the contents of the filed rate. Under the "filed rate doctrine" carriers who file their rates with the FCC as they are required to do by law, are insulated from suits challenging those rates and from court orders having the effect of imposing a rate other than that filed with the FCC. *Day*, 63 Cal. App.4th at 335, 74 Cal.Rptr.2d 55.

can be ordered restored to Mr. Rosales under Section 17203.

The California Supreme Court recently described an action under the Unfair Competition Law as "an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices." *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 173, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000).

> Section 17203 authorizes the court to fashion remedies to prevent, deter, and compensate for unfair business practices. In addition to injunctions, it authorizes orders that are necessary to prevent practices that constitute unfair competition and to make "orders or judgments ... as may be necessary to restore" to persons in interest any money or property acquired by unfair competition.... The object of the restitution order in each case was money that once had been in the possession of the person to whom it was to be restored. The status quo ante to be achieved by the restitution order was to again place the victim in possession of that money. Section 17535 thus confirmed the equitable power of the court, recognized in Jayhill [*People v. Superior Court*, 9 Cal.3d 283, 107 Cal.Rptr. 192, 507 P.2d 1400 (1973)], to order restoration of money to the victim. The power it confirms, however, is only a power to order the defendant " 'to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any [unlawful] practice.' "

*Cortez*, 23 Cal.4th at 176–77, 96 Cal. Rptr.2d 518, 999 P.2d 706 (citations omitted).

An order requiring Citibank to restore to Mr. Rosales an amount of money equal to the amounts improperly withdrawn from his account is well within the type of restitutionary remedies available under Section 17203. Accordingly, there is no adequate justification for striking from the complaint the allegations seeking restitution for Mr. Rosales.

### B. *The Allegations Seeking Relief on Behalf of The People of California*

■ The second half of Citibank's motion seeks to strike the allegations in the complaint by which Mr. Rosales asserts a Section 17200 claim on behalf of members of the general public. The statute, however, expressly authorizes private parties to bring actions on behalf of the general public. Bus. & Prof.Code § 17204 ("Actions for relief pursuant to this chapter shall be prosecuted exclusively by ... any person acting for the interests of itself, its members, or the general public"). Section 17200 is designed to protect consumers from wrongful business conduct, as well as to protect competitors from acts of unfair competition, and any person may bring suit under the statute on his own behalf or on behalf of the general public. *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 209, 197 Cal.Rptr. 783, 673 P.2d 660 (1983). The statute "permits 'any person acting for the interests of itself, its members or the general public' (§ 17204) to initiate an action for restitutionary and/or injunctive relief (§ 17203) against a person or business entity who has engaged in 'any unlawful, unfair or fraudulent business act or practice [or] unfair, deceptive, untrue or misleading advertising [or] any act prohibited by Chapter 1 (commencing with Section 17500 [false advertising]) ....' " *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 42, 77 Cal.Rptr.2d 709, 960 P.2d 513 (1998). Thus, at the outset, there would seem to be no justifiable reason to strike the allegations in the complaint made on behalf of members of the general public.

■ Citibank, however, argues that the class-type allegations should be stricken because Mr. Rosales has not sought class certification and because the underlying facts are so unique that it is unlikely

that there would be sufficient common issues shared with other members of the public to justify the action proceeding as an uncertified class action. Citibank cites *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 673–74 (C.D.Cal.2000), for the proposition that a plaintiff "may not seek restitutionary recovery on behalf of the general public where he or she has not sought class certification or where the circumstances of his or her case are not sufficiently similar to allow him or her to bring an uncertified class action." Citibank's reliance is again misplaced.

First, to the extent Citibank relies on *Lazar* for the proposition that a private litigant may not maintain an action under Section 17200 on behalf of the general public without seeking class certification, the proposition is an erroneous statement of California law. There is no need for an unfair business practice claim brought on behalf of the public to necessarily proceed as a class action. To the contrary, in order to proceed as a class action, among other things, the proponent must establish that class certification represents a superior method of adjudicating the claims. The very breadth of the unfair competition statute and the breadth of equitable relief which may be ordered by the court, however, means that a class action is not necessarily a superior method for litigating unfair business practice claims. *Dean Witter Reynolds, Inc.v. Superior Court*, 211 Cal.App.3d 758, 772–73, 259 Cal.Rptr. 789 (1989) (the court in a Section 17200 action is empowered to grant equitable relief, including restitution, in favor of absent persons without certifying a class action). Several cases have rejected class certification in part because the Unfair Competition Law allows the court to order restitutionary relief in favor of absent persons without certifying the class. *See, e.g., Caro v. Procter & Gamble Co.*, 18 Cal. App.4th 644, 22 Cal.Rptr.2d 419 (1993); *Reese v. Wal–Mart Stores, Inc.*, 73 Cal. App.4th 1225, 1239, 87 Cal.Rptr.2d 346 (1999); *Dean Witter*, 211 Cal.App.3d at 772–73, 259 Cal.Rptr. 789.

Moreover, *Lazar*'s discussion of case law indicates that the opinion does not reflect the proper statement of, or application of, California law. *Lazar* cites and discusses several California cases in which private litigants brought representative actions under the unfair competition law, without seeking class certification. *Fletcher v. Security Pacific National Bank*, 23 Cal.3d 442, 153 Cal.Rptr. 28, 591 P.2d 51 (1979); *Kraus v. Trinity Management Services*, 57 Cal.App.4th 709, 67 Cal. Rptr.2d 210 (1997), rev'd on other grounds, 23 Cal.4th 116, 96 Cal.Rptr.2d 485, 999 P.2d 718 (2000); *Cortez v. Purolator Air Filtration Products Co.*, 64 Cal. App.4th 882, 75 Cal.Rptr.2d 551 (1998), aff'd. by 23 Cal.4th 163, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000); *Wilner v. Sunset Life Ins. Co.*, 78 Cal.App.4th 952, 93 Cal. Rptr.2d 413 (2000). From these cases, *Lazar* determined that whether or not a private litigant's action may proceed as an uncertified class action under Section 17200 depended on the extent to which the circumstances of the individuals in the proposed class were similar. The court impliedly found a rule that uncertified actions on behalf of the general public are proper only where such actions would be certified as class actions under Federal Rule of Civil Procedure 23:

> In sum, this Court finds that Plaintiff's circumstances are not sufficiently similar to his fellow consumers to allow him to bring an uncertified class action on their behalf. As [defendant] suggests, *those uncertified class actions that have been validated by the California Courts of Appeal would probably have been certified as class actions under FRCP 23.* The plaintiff who brings an uncertified class action should be a reasonable representative of that class. Because this Court finds that Plaintiff is not such a representative, this Court utilizes the discretion granted by Fletcher to hold that the uncertified class action is invalid.

*Id.* at 674 (emphasis added). Accordingly, the court struck the allegations referring to the class

In the course of its analysis, however, *Lazar* plainly misreads *Wilner v. Sunset Life Ins. Co.,* 78 Cal.App.4th 952, 93 Cal. Rptr.2d 413 (2000). For example, *Lazar* describes *Wilner* as a case in which the California Court of Appeal "determined that the class action was invalid." *Lazar,* 195 F.R.D. at 673. To the contrary, *Wilner* in fact held that the class action was proper and reversed the trial court's sustaining of a demurrer to the class allegations. 78 Cal.App.4th at 963–64, 93 Cal. Rptr.2d 413. The court also held that the circumstances presented in that case could properly be pursued under Section 17200. *Wilner* 78 Cal.App.4th at 966, 93 Cal. Rptr.2d 413. Thus, to the extent *Lazar* used *Wilner* as a justification for striking the allegations seeking relief on behalf of the general public, the basis and rationale for the decision are of questionable validity.

Even accepting Citibank's characterization of the law, however, the present circumstances are so unique that it would be improper to allow the action to proceed as an uncertified class, as a matter of law, and thus justify the striking of those allegations. While Citibank argues that the individual issues are so predominant that a class action is improper, Mr. Rosales persuasively argues that there are common issues which predominate: the complaint seeks restitution on behalf of those Citibank account holders who 1) reported an unauthorized withdrawal from their account, 2) maintained possession of their account access card, and 3) were denied reimbursement on that basis. The facts regarding the specific circumstances of improper withdrawals will admittedly differ, but the predominant and common issue is the legality of Citibank's refusal to credit the accounts merely because the account holder had maintained possession of the account access cards.

At this early stage of the proceedings, on the record presented, it would be im-

proper to preclude Mr. Rosales from pursuing the claim on behalf of similarly situated members of the public as a matter of law. Accordingly, it would be improper to strike from the complaint the allegations seeking restitution to other similarly situated persons.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to strike is DENIED.

IT IS SO ORDERED.