**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY BEAUCHAMP, *Plaintiff-Appellant*, <br><br> v. <br><br> CITY OF LONG BEACH, *Defendant-Appellee*. | No. 11-55780 <br><br> D.C. No. 2:10-cv-01270-RGK-JC <br><br> ORDER CERTIFYING DETERMINATIVE QUESTIONS OF LAW TO THE CALIFORNIA SUPREME COURT |

Filed September 17, 2013

Before: Consuelo M. Callahan, Sandra S. Ikuta, and
Andrew D. Hurwitz, Circuit Judges.

## SUMMARY*

**Certification of Questions to State Supreme Court**

The panel filed an order certifying to the California Supreme Court determinative questions of law regarding the California Disabled Persons Act.

The panel certified the following questions:

Section 54.3(a) of the California Civil Code provides that a person who violates the California Disabled Persons Act, Cal. Civ. Code §§ 54, 54.1, is liable for actual damages for "each offense . . . but in no case less than one thousand dollars ($1,000)." Does the phrase "each offense" refer to each occasion when a plaintiff encounters a barrier that denies the plaintiff full and equal access to a public facility, or should a trial court construe "each offense" more narrowly, particularly in situations where a plaintiff repeatedly encounters the same barrier? If the phrase "each offense" is not susceptible to a narrower construction, under what circumstances would the penalty scheme in section 54.3 violate the due process clause of the state constitution?

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

We respectfully request that the Supreme Court of California exercise its discretion to decide the certified questions set forth in Part II of this order.

## I

## Caption and Counsel

A.  The caption of the case is:

No. 11-55780
LARRY BEAUCHAMP
      Plaintiff-Appellant

v.

CITY OF LONG BEACH
      Defendant-Appellee

B.  The names and addresses of counsel for the parties are:

For *Plaintiff-Appellant*:

Jeff A. Harrison, Barbosa, Metz & Harrison, LLP
139 Richmond Street, El Segundo, CA 90245

For *Defendant-Appellee*:

Monte H. Machit, Principal Deputy City Attorney
Office of the Long Beach City Attorney
333 West Ocean Blvd., 11th Floor
Long Beach, CA 90802

Timothy T. Coates and Lillie Hsu
Greines, Martin, Stein & Richland, LLP
5900 Wilshire Blvd., 12th Floor
Los Angeles, CA 90036

C.  Designation of party to be deemed petitioner: Plaintiff-
Appellant

## II

### Question Certified

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, requests that the Supreme Court of California answer the question presented below.  This court will accept the California Supreme Court's decision on this question.  Our phrasing of the question is not intended to restrict the California Supreme Court's consideration of the case.  The question certified is as follows.

> Section 54.3(a) of the California Civil Code provides that a person who violates the California Disabled Persons Act (CDPA), Cal. Civ. Code §§ 54, 54.1, is liable for actual damages for "each offense . . . but in no case less than one thousand dollars ($1,000)."[1]

---

[1] Cal. Civ. Code § 54.3(a) provides, in relevant part:

Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or

Does the phrase "each offense" refer to each occasion when a plaintiff encounters a barrier that denies the plaintiff full and equal access to a public facility, or should a trial court construe "each offense" more narrowly, particularly in situations where a plaintiff repeatedly encounters the same barrier? If the phrase "each offense" is not susceptible to a narrower construction, under what circumstances would the penalty scheme in section 54.3 violate the due process clause of the state constitution?

## III

### Statement of Facts

Larry Beauchamp, a resident of Long Beach and a quadriplegic, sued the City of Long Beach on February 19, 2010, for maintaining inaccessible sidewalks, curbs, and curb ramps in violation of sections 51, 54, 54.1, and 54.3 of the California Civil Code (among other claims). The district court determined that Beauchamp was a "qualified individual with a disability" for purposes of the CDPA, that the City's

---

otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1, and 54.2.

streets and sidewalks constituted "public facilities," for purposes of section 54(a) of the California Civil Code, and that certain barriers Beauchamp encountered on the City's streets and sidewalks denied him full and equal access to such public facilities. Accordingly, the district court concluded that Beauchamp was entitled to statutory damages under section 54.3 for barriers he encountered on the City's streets and sidewalks during the relevant limitations period.[2]

The district court held that Beauchamp established that he was denied access by barriers at two specific locations and inconvenienced, if not also denied access, by barriers at two others. It made the following findings of fact:

> 11. Once per month within the relevant statutory period, Plaintiff attempted to use the curb ramp and sidewalk segments near the Pizza Hut located at the intersection of Market Street and Orange Avenue. Plaintiff was denied access because the intersection lacked one curb cut, had three noncompliant curb cuts, and had raised sidewalk segments due to tree roots.

> 12. Four times a week within the relevant statutory period, Plaintiff attempted to use the curb ramp and sidewalk segments near the bus stop at the intersection of Atlantic Avenue and 51st Street, which is located near his residence. Plaintiff was denied access

---

[2] The district court concluded that the relevant limitations period was the two year period before his action was filed on February 19, 2010.

because the intersection had three noncompliant curb cuts.

13. Within the relevant statutory period, Plaintiff frequently attempted to use South Street between Atlantic Avenue and Cherry Avenue, but had to travel in the street due to barriers in the sidewalk segments or a lack of curb cuts.

14. Within the relevant statutory period, Plaintiff frequently attempted to use Atlantic Avenue between South Street and 36th Street, but had to travel in the street due to barriers in the sidewalk segments or a lack of curb cuts.

On the basis of these findings, the court concluded as follows:

The Court finds that Plaintiff is entitled to $5,000 for each of the two barriers that Plaintiff frequently encountered near his home, identified in paragraphs 13 and 14 of the Findings of Fact above. Additionally, Plaintiff is entitled to $7,000 for the two barriers identified in paragraphs 11 and 12 of the Findings of Fact above. Thus in total, the Court awards Plaintiff $17,000 in statutory damages.

The district court did not explain how it calculated these damages or how it identified what constituted an "offense" for purposes of section 54.3.

Beauchamp timely appealed the district court's damage award, claiming he was entitled to $440,000 in statutory damages because the district court found that he had encountered barriers that denied him access on 440 distinct occasions. The City argues that the district court could exercise its discretion to aggregate repeated encounters with the same barrier in order to ensure that damages under section 54.3 remain reasonable and commensurate with the defendant's culpability.

## IV

## Explanation of Our Request

We seek the California Supreme Court's determination as to the proper construction of "offense" for purposes of section 54.3, and specifically, whether multiple incidents of denials of access due to encounters with the same barrier can constitute a single "offense." We ask for this assistance because the meaning of "each offense" in the context of this case is especially ambiguous and will have a significant impact on these and similarly-situated parties, and there is insufficient guidance in the relevant statutes and case law to allow us to resolve this question.

### A

Although no California court has yet construed the phrase "each offense" in section 54.3, the language and structure of the CDPA indicates that each violation of a disabled individual's right "to full and equal access" to a public facility constitutes a separate "offense," for which the individual is entitled to a minimum of $1,000 damages.

Section 54.1 of the California Civil Code sets out a right or entitlement: It provides that "[i]ndividuals with disabilities shall be entitled to full and equal access" to public facilities. Section 54.3 of the California Civil Code states that persons, firms, or corporations that deny or interfere "with admittance to or enjoyment of the public facilities . . . or otherwise interfere[] with the rights of an individual with a disability" are liable for "each offense for the actual damages and any amount as may be determined by the jury, or the court sitting without a jury, up to a maximum amount of three times the amount of actual damages but in no case less than one thousand dollars." Although the word "offense" is not defined in the CDPA, the structure of this section suggests that each denial or interference with access constitutes an "offense."

However, section 54.3 must be interpreted in light of section 55.56 of the California Civil Code,[3] which limited the

---

[3] Sections 55.56(a), (b) and (e) state, in relevant part:

> (a) Statutory damages under either subdivision (a) of Section 52 or subdivision (a) of Section 54.3 may be recovered in a construction-related accessibility claim against a place of public accommodation only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion.

> (b) A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion.

damages available under section 54.3 for certain types of claims. Relevant here, section 55.56 provided that statutory damages under section 54.3(a) could be recovered only if a plaintiff personally encountered a barrier that denied the plaintiff full and equal access, or was personally deterred from accessing a place of public accommodation on a particular occasion. Cal. Civ. Code § 55.56(b). It also provided that courts could not assess damages based on the number of violations that were identified at a particular location, but only for "each particular occasion that a plaintiff was denied full and equal access." *Id.* § 55.56(e). These restrictions suggest that the Legislature intended to prevent plaintiffs from recovering damages for multiple nonconforming barriers in a public facility if the plaintiff did not actually encounter such barriers. This language therefore raises the negative inference that where a plaintiff is denied full and equal access by barriers the plaintiff personally encounters, the plaintiff is entitled to $1,000 per each such denial of access.

---

(e) Statutory damages may be assessed pursuant to subdivision (a) based on each particular occasion that the plaintiff was denied full and equal access, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access occurred. If the place of public accommodation consists of distinct facilities that offer distinct services, statutory damages may be assessed based on each denial of full and equal access to the distinct facility, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access occurred.

B

Although we believe it is reasonable to construe section 54.3 as requiring courts to impose $1,000 per each denial of access, the California Supreme Court and state appellate courts have suggested that penalty schemes such as those embodied in section 54.3 are to be construed narrowly.

As a general rule, the California Supreme Court has looked "with disfavor on ever-mounting penalties" and has "narrowly construed the statutes which either require or permit them." *Hale v. Morgan*, 22 Cal. 3d 388, 401 (1978). In *People ex rel. Younger v. Superior Court*, 16 Cal. 3d 30 (1976), for instance, the Court considered a statute imposing a $6,000 per day fine for each day a defendant "'causes or permits any oil . . . to be deposited in or on any of the waters of the state.'" *Id.* at 43. To ensure that the penalties corresponded with the defendant's culpability, the court applied a narrowing construction to impose liability only for each day in which the defendant actively deposited oil on the water, not for each day during which the oil remained in the water. *Id.* at 43–44; *see also People v. Super. Ct.* (*Jayhill Corp.*), 9 Cal. 3d 283, 288–89 (1973) (narrowly construing a statute imposing a $2,500 penalty for each violation of a false advertising statute by holding that a "violation" should be based on "the number of persons to whom misrepresentations were made," rather than on "the number of separately identifiable misrepresentations involved").

Following the California Supreme Court's lead, state appellate courts have likewise narrowly construed statutes that impose penalties "per violation" or "per offense" where appropriate. In interpreting a statute imposing a statutory penalty of $2,500 for "each violation" of regulations relating

to nursing homes, for instance, a state appellate court held that a trial court had discretion to construe "violation" differently depending on the particular facts of the case. *See People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 535 (1984), *abrogated on other grounds by Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999). The court reasoned that "to interpret the words 'each violation' to authorize a $2,500 sanction for each and every failure . . . would result in an unreasonable or oppressive statutory penalty," while on the other hand, "to take all violations constituting evidence of a business practice in violation of a particular rule or regulation and count them as only one violation would be equally unreasonable." *Id.* at 534–35 (citing *Hale*, 22 Cal. 3d at 399). Therefore, the court concluded, a trial court should use a circumstances-based analysis to determine what penalties were justified based on the defendants' conduct. *Id.*; *see also Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 536–37 (1997) (holding that a trial court had discretion to construe an unfair competition statute, which imposed a minimum of $2,500 penalty for "each violation," as allowing it to impose damages based on separate instances of wrongful tree harvesting rather than the number of trees removed).

We further note that when a penalty scheme set forth in a state statute is not susceptible to a narrowing construction, the California Supreme Court has considered whether the imposition of mandatory, ever-mounting penalties violates the due process clause of the state and federal constitutions in a particular case. *See Hale*, 22 Cal. 3d at 403–04 (holding that although a mandatory $100-per-day penalty scheme was not necessarily facially unconstitutional, the imposition of a $17,300 penalty under the statute was constitutionally excessive in that case, given the defendant's lesser culpability

and the possibility of an unmerited windfall to the plaintiff). The California Supreme Court has indicated that trial courts must make this constitutional assessment on a case-by-case basis. *See Kinney v. Vaccari*, 27 Cal. 3d 348, 353, 356 (1980) (upholding a $36,000 penalty under section 789.3 of the California Civil Code because it was "proportioned to the landlord's misconduct and necessary to achieve the penalty's deterrent purposes"); *see also City and County of San Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1312–16 (2000) (conducting an "as applied" analysis to decide whether a statute authorizing a $1,000 per day penalty for violations of the Housing Code violated due process, and concluding that the trial court did not abuse its discretion in imposing a $663,000 penalty because it was not "impermissibly disproportionate 'to the conduct' or to the defendants' 'net worth'").

In sum, we read California cases to suggest that where a statute allows for the imposition of ever-mounting penalties, a trial court should first consider whether the statute is susceptible to a narrowing construction in a particular case. *Cf. People v. Toomey*, 157 Cal. App. 3d 1, 22 (1984) (explaining that where a statute "fails to specify what constitutes a single violation," the courts should "determine appropriate penalties on a case-by-case basis"). Furthermore, if a statute is not susceptible to a narrowing construction, it appears the trial court should consider whether the application of the penalty provision is constitutionally excessive as applied under the due process clause of the state and federal constitutions. *Hale*, 22 Cal. 3d at 404.

C

In light of our review, we are uncertain about how to construe "each offense" in section 54.3 in a situation where a plaintiff has encountered the same barrier on multiple occasions. Indeed, at least one district court that encountered this precise question declined to address the issue in the absence of any guidance from California courts. *See Grutman v. Regents of Univ. of Cal.*, 807 F. Supp. 2d 861, 870 (N.D. Cal. 2011) (declining to exercise supplemental jurisdiction over the question whether plaintiff was entitled to recover for each occasion that she encountered the non-compliant front door in her dormitory, and noting that plaintiff's interpretation of "each offense" would result in a $2 million damage award, while defendant's interpretation would "allow for an award of only a nominal $4,000").

Because section 54.3 does not directly define "each offense," it may be susceptible to a narrowing construction. A trial court would not be compelled to construe that phrase to mean each separate encounter with a barrier, particularly where a California court has stated that "[n]ot every denial of 'full and equal access' under section 54.1 . . . gives rise to a cause of action for damages under section 54.3." *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265 (2007). Given that section 54.3 imposes mandatory, ever-mounting penalties, the cases reviewed above suggest that California courts may have the discretion to construe section 54.3 narrowly in an appropriate case. For instance, a trial court could plausibly define "each offense" to mean each barrier personally encountered by the plaintiff, rather than each occasion when the plaintiff encountered that barrier. *Cf. Jayhill Corp.*, 9 Cal. 3d at 289.

Moreover, if such an interpretation of "each offense" were not permissible (for example, because the California Legislature's enactment of section 55.56 indicated that it did not intend any such limitation), then *Hale* suggests trial courts would still be required to determine whether imposing a $1,000 penalty for "each offense" would be excessive under the state constitution. It is not clear how the California Supreme Court would analyze the situation in this case: on the one hand, Beauchamp continued to travel the same routes knowing there were barriers that denied him access; on the other hand, after 17 years, the City has still failed to remove the barriers in the sidewalks in his neighborhood. The California cases we have reviewed do not provide clear guidance on how to weigh, under California law, the need for compliance with the desire to avoid awarding windfalls to plaintiffs in the CDPA context generally, much less in the specific situation where a plaintiff repeatedly encounters the same non-compliant barriers.

## D

In sum, as we read California law, we do not know whether the district court in this case was required to construe section 54.3 as awarding damages for each of Beauchamp's 440 encounters with a barrier that denied him access, had the discretion to apply some narrowing construction, or could reduce the award to avoid due process concerns. The consequences of taking any of these approaches will have a significant impact on both the fisc of public entities and the ability of disabled individuals to enforce their rights. We therefore submit that this question is worthy of a decision by the California Supreme Court, and that this case presents a suitable vehicle for the California Supreme Court to address this question. *See* Cal. Rules of Court 8.548(a). The answer

given by the California Supreme Court will dispose of this appeal currently pending before the Ninth Circuit, as well as guide the decisions in the other federal cases applying California law.

**V**

**Accompanying Materials**

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of the request with a certification of service on the parties, pursuant to California Rules of Court 8.548(c), (d).

Further proceedings before us are stayed pending the California Supreme Court's decision regarding certification, and in the event the California Supreme Court accepts certification, pending our receipt of the answers to the questions certified. Submission of this case is withdrawn.

After the California Supreme Court makes its determination whether to accept certification of these questions, the parties shall file a joint report informing this court of the decision. If the California Supreme Court accepts the certified questions, the parties shall file a joint status report to our court every six months after the date of acceptance, or more frequently if circumstances warrant.

If the California Supreme Court denies the request for certification, this case will be automatically resubmitted upon notice of that denial. If the California Supreme Court accepts the certified question, the case will be automatically

resubmitted upon receipt of the California Supreme Court's answer to the certified question.

**SO ORDERED.**